Lorain Pearlman, Plaintiff-Appellant, *v.* David Pearlman, Defendant-Appellee.

(No. 54198; )

First District—November 23, 1970.

*Rehearing denied December 11, 1970.*

Echt & Getzoff, of Chicago, (Byron M. Getzoff, of counsel,) for appellant.

Joseph L. Goldberg, of Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is a post-divorce decree proceeding. Upon the petition of defendant, David Pearlman, and based upon a written stipulation of agreed facts and memorandums submitted by both parties, the trial court entered an order which reduced the divorce decree alimony award of $200 a

month to $100 a month. The plaintiff-respondent, Lorain Pearlman, appeals from the order, contending that the trial court abused its discretion in reducing the alimony award.

The stipulation of the agreed facts on which the court acted is as follows:

"1. The Decree of Divorce was entered in the above entitled cause on March 20th, 1963.

2. That the terms of the Decree provided inter alia that the defendant was to pay unto the plaintiff the sum of $200.00 per month as and for permanent alimony and the additional sum of $100.00 per month as and for the support and maintenance of the minor child of the parties, namely DONN.

3. That at the time the said Decree was entered the defendant earned the sum of $11,185.07 gross, on which he paid taxes of $1,784.48, giving him a net income after taxes of $9400.59.

4. That the plaintiff's income for the year 1963 was $3,661.68 gross, on which she paid taxes of $884.94, giving her a net income after taxes of $2,776.74.

5. That from 1963 through 1967 the plaintiff had one additional dependent, namely the minor child of the parties, DONN, whom she claimed as a dependent on her income tax returns.

6. That in 1965 the defendant remarried and his wife, SALLY, had two dependents, namely SHEILA and SHELDON, for whom the defendant assumed the obligation of support.

7. That the said SALLY DAVID PEARLMAN was gainfully employed throughout the marriage of the said parties.

8. That in 1968 the son of the parties hereto, namely DONN, became emancipated and no longer dependent upon either of the parties for support and the child support payments to the plaintiff were terminated.

9. That in 1968 the plaintiff earned a gross income of $7065.00 on which she paid taxes of $1,439.82, giving her a net income after taxes of $5625.18.

10. That in 1968 SALLY and DAVID PEARLMAN had a combined gross income of $28,302.85 on which they paid taxes of $4,667.90; that of the said income $25,159.00 was earned by the defendant on which he paid taxes of $4203.00, giving him a net income after taxes of $20,956.00."

The divorce decree entered on March 20, 1963, approved and included a "Property Settlement Agreement," and made it a part of the divorce decree. As to alimony, the agreement states:

"9. The husband agrees to pay and the wife agrees to accept the sum of $200.00 monthly as and for her alimony, the payment of which shall commence with the month which follows the execution of this agreement and subsequent payments to be made in succeeding months thereafter until further order of this court."

The divorce decree includes:

"(C) That the Defendant shall pay to the Plaintiff the sum of $200.00 each month as and for permanent alimony commencing on the *1st* day of *April, 1963.*"

Plaintiff-respondent contends that to warrant modification of the alimony provisions of the decree of divorce, it must be shown that the conditions and circumstances of the parties have materially changed since the entry of that decree. She argues that (1) the burden of showing the material change was on the petitioner herein; (2) the fact he remarried and has minor dependents by that second marriage does not, in itself, show such a material change; and (3) that the facts stipulated to herein do not sustain the defendant's burden, and therefore the alimony provisions should not be modified. The authorities cited by plaintiff-respondent include *Gregory v. Gregory,* 52 Ill.App.2d 262, 202 N.E.2d 139 (1964), and *Gaines v. Gaines,* 106 Ill.App.2d 9, 245 N.E.2d 574 (1969).

In *Gregory v. Gregory,* the court stated (p. 267):

"While the court may not change the amount past due under a decree of the court, it does have the power to modify the terms of a decree as to alimony and maintenances as shall appear reasonable and proper, the modification to apply to future payments. Chapter 40, Section 19, Illinois Revised Statutes. Our courts have laid down the rules upon which such modification shall be made. It must be shown that the conditions and circumstances of the parties have materially changed since the entry of the decree, so as to make the modification equitable."

The court continued (p. 268):

"The remarriage of the defendant and a child by the second marriage does not present, in itself, a change of conditions sufficient to warrant a modification. Although the effect may be to deprive a second wife of support, from a legal standpoint, the first comes first and the second comes second. In other words, the first obligations must be met before the second obligations can or will be considered."

The court in *Gaines v. Gaines* stated (p. 13):

"The plaintiff contends that the petition and amended petition for reduction of support payments do not state a sufficient change in circumstances to sustain a reduction in such payments. Any change in support payments is left to the discretion of the court, but it is well

established that the petitioning party must demonstrate a sufficient change in circumstances since the previous decree."

The defendant-petitioner contends that the modification of the decree by the lower court was within its discretion. He argues that this was proper due to plaintiff's increased earnings and the emancipation of the dependent child, which reduced her expenses, subsequent to the entry of the original divorce decree. Defendant further argues that the amount of alimony received by plaintiff should be based upon her needs and station in life in 1963, not upon defendant's present earning capacity. The authorities cited by defendant include *Maginnis v. Maginnis,* 323 Ill. 113, 153 N.E. 654 (1926); *Herrick v. Herrick,* 319 Ill. 146, 149 N.E. 820 (1925); *Arnold v. Arnold,* 332 Ill.App. 586, 76 N.E.2d 335 (1947); and *Hoover v. Hoover,* 307 Ill.App. 590, 30 N.E.2d 940 (1940).

In *Maginnis v. Maginnis,* the court stated (p. 118):

"It may be stated generally that whenever, for any cause, the alimony decreed becomes unnecessary for the support of the former wife, or when circumstances arise which make it inequitable that she should have a further allowance, it is proper for the court to absolve the divorced husband from the burden imposed by the decree."

In *Herrick v. Herrick,* the court stated (p. 153):

"In making the change the court should take into consideration, as it apparently did in the case at bar, the property and income of the parties, their ages, health and social conditions, and whether there are children dependent upon one or both of them for support."

In *Arnold v. Arnold,* the court stated (pp. 591—592):

"[P]laintiff's first contention is based upon the theory that the amount of alimony to which she is entitled should now be based upon a station in life measured by defendant's present wealth and earning capacity, rather than upon their station in life when the divorce decree was entered in 1931.

\* \* \*

"\* \* \* The station in life to which he had accustomed her was that existing in 1931 and prior thereto. It is that station in life which he is bound to maintain now, if he is financially able so to do."

In *Hoover v. Hoover,* the court stated (p. 598):

"It may be conceded that the court has jurisdiction and authority to alter the provisions of a decree respecting payment for alimony \* \* \* where a change in the circumstances or conditions of either party so requires. The law is also well established that the alteration of an order respecting payments rests in the sound judicial discretion of the trial court, and unless the record shows an abuse of that discretion such an order will generally not be disturbed on review."

We believe that *Blowitz v. Blowitz*, 75 Ill.App.2d 386, 221 N.E.2d 160 (1966) and *Louthan v. Louthan* (1972), 130 Ill.App.2d 281, supply the guidelines to be used here.

In *Blowitz v. Blowitz*, the court said (p. 391):

"However, even if we take defendant's statements as to his finances as true, he has still failed to make out a case where he should be entitled to a reduction in his alimony payments. We reiterate that alimony arises from the relationship of marriage and is founded upon the natural and legal duty of the husband to support the wife. * * * It is true that in the proper situation our courts will grant a reduction in alimony payments.

* * * But the cases where relief has been granted have been cases where the change in circumstances is fortuitous and not brought on by the party seeking the reduction."

In *Louthan v. Louthan*, the court stated (p. 283):

"A decree of divorce is final as to the circumstances and conditions of the parties as of the date of its entry. Upon a subsequent application for a modification only matters which have occurred subsequent to the entry of the decree may be considered by the court. Before a modification will be allowed it must be shown that the circumstances of the parties have changed materially. See generally *Green v. Green*, 86 Ill.App.2d 362."

■■ We are not persuaded by defendant's argument that because plaintiff's net income increased and because the minor dependent has since become emancipated, that defendant-petitioner is entitled to a reduction in his alimony payments. The charge of emancipation is not relevant, and the child support provision was terminated by mutual assent. We agree with defendant-petitioner that plaintiff should be supported according to her station at the time of the decree in 1963 and not according to his change in station thereafter. The decree awarded $200 per month alimony to provide plaintiff with support as she was accustomed to then. There is no evidence in the record of the cost of living during that period of time, and the fact that her net income increased over the next five years, of itself, does not warrant a reduction in alimony.

■■ After reviewing this record and the facts presented therein, we find that defendant has not shown a material change in the circumstances of the parties so as to warrant a reduction of the alimony payments. While great weight is given to the discretion of the trial court hearing a petition for the reduction of alimony, we conclude that here the trial court abused its discretion in reducing the alimony payments from $200

per month to $100 per month on the stipulated facts on record, and the order should be reversed.

For the reasons given, the instant order of the trial court is reversed and the matter is remanded with directions to the trial court to reinstate as of February 7, 1969, the original alimony award of $200 per month pursuant to the original divorce decree.

Reversed and remanded with directions.

BURMAN, P. J., and ADESKO, J., concur.