MARJORIE BOWMAN, Plaintiff-Appellant, *v.* CECIL A. BOWMAN, Defendant-Appellee.

(No. 56442;

First District (4th Division)—April 25, 1973.

Sol I. Dvorkin, of Chicago, (Ellis B. Rosenzweig, of counsel,) for appellant.

J. W. Marciniak, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

Defendant, Cecil A. Bowman, brought a post-degree divorce proceeding seeking to terminate alimony payments provided for by the divorce decree pursuant to a property settlement agreement with the plaintiff, Marjorie Bowman. Plaintiff appeals from the trial judge's order terminating alimony.

The parties were married on June 28, 1941, and divorced by decree entered December 11, 1964. Two children were born of the marriage, one of whom was a minor at the time of the divorce. Before entry of the decree, the parties entered into a written property settlement agreement providing that the defendant, among other things, pay the plaintiff $20 per week as alimony and $15 per week as child support. The child support payments terminated in 1969 when the parties' one minor child reached majority.

At the prove-up divorce proceedings on December 3, 1964, Mrs. Bowman testified that she was earning a net salary of $36 a week and that her husband was earning approximately $130 a week in net pay.

On June 16, 1971, defendant Cecil Bowman filed a petition to terminate alimony, alleging that plaintiff had obtained permanent employment with income sufficient to support herself and that the defendant had remarried. Plaintiff Marjorie Bowman filed a motion to strike the petition,

charging that the defendant had failed to allege any substantial change of circumstances.

At the hearing on the petition to terminate alimony, Mrs. Bowman testified that she was a janitress for the Board of Education and had a net take home pay every two weeks for ten months out of the year of $200. The record reveals that Mr. Bowman has been employed by Bell & Howell for approximately sixteen years. His net income on the date of the hearing was $150 per week. The defendant is remarried, but has no children by his second marriage. His present wife is employed.

Section 18 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 19), provides in relevant part:

> "The court may, on application, from time to time, *terminate* or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper." (Emphasis added.)

■■ Although the trial court clearly has the power to terminate alimony awards, such modifications may not be made arbitrarily or capriciously. The petitioner must show that a substantial change in the circumstances of the parties has taken place since the entry of the decree. *Tan v. Tan,* 3 Ill.App.3d 671, 279 N.E.2d 486; *Gregory v. Gregory,* 52 Ill.App.2d 262, 268, 202 N.E.2d 139, 142.

■■■ In the instant case, defendant alleges that the employment of his former wife by the Board of Education and his own remarriage amount to a material change of circumstances justifying the termination of the alimony award. We do not agree. The record reflects that plaintiff, Marjorie Bowman, was employed at the time the decree was entered. Although her income has increased since the date of the decree, so has that of her former husband. Moreover, the law is clear that the remarriage of the defendant is not in and of itself a sufficient ground to warrant modification of the decree. (*Gregory v. Gregory,* 52 Ill.App.2d 262, 268, 202 N.E.2d 139, 143.) In the instant case, there are no children by the second wife and defendant's present wife is employed.

■■ The alimony awarded in the decree was part of a property settlement agreement, voluntarily entered into by the parties, which also included provisions as to dower, homestead and other property rights. We note that Marjorie Bowman agreed to a $20 per week alimony award at a time when her husband was earning approximately $130 per week in net pay, apparently in consideration for the other terms of the agreement. Although the fact that a divorce decree adopts the terms of a property settlement agreement does not affect the court's power to

modify or terminate an alimony award (*Herrick v. Herrick*, 319 Ill. 146, 149 N.E. 820), we think the existence of an agreement is a factor to be considered.

The case at bar is very similar on the facts to *Pearlman v. Pearlman*, 131 Ill.App.2d 388, 266 N.E.2d 388. In *Pearlman*, as here, the divorce decree incorporated a property settlement agreement between the parties. The trial court reduced the amount of the award on application of the husband. The Appellate Court reversed, holding that the award should not have been modified even though, as in the instant case, the wife's income had increased and the minor child had become emancipated. As in the case at bar, the husband had remarried and his second wife was employed.

*Tan v. Tan*, 3 Ill.App.3d 671, 279 N.E.2d 486, in which we affirmed the trial court's order terminating alimony, is distinguishable on the facts from the case at bar. In *Tan*, there was no property settlement agreement entered into by the parties prior to the entry of the decree. Moreover, in *Tan*, the marriage was of extremely short duration and there were no children born of it. In the instant case, the parties were married for over twenty years and had two children.

For the reasons stated the order terminating the $20 a week alimony payments is reversed and the cause is remanded with directions to enforce the payment of alimony.

Reversed and remanded with directions.

ADESKO and DIERINGER, JJ., concur.