ALBERTA BAKER, Plaintiff-Appellant, *v.* WALTER BAKER, Defendant-Appellee.

(No. 60199; )

First District (4th Division)—March 26, 1975.

*Rehearing denied June 4, 1975.*

JOHNSON, J., dissenting.

Eugene P. Meegan, of Chicago, for appellant.

Zimmerman & Zimmerman, of Chicago (William H. Martay and Dianna D. Zimmerman, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This appeal arises from a post-decree divorce proceeding initiated by Walter Baker (defendant) seeking to terminate alimony payments to his former wife, Alberta Baker (plaintiff), pursuant to the original divorce decree. After a hearing in the Circuit Court of Cook County before the Honorable Reuben J. Liffshin, the alimony was terminated as of December 31, 1973, and plaintiff now appeals.

■■■ There is really no dispute as to the controlling principle of law which we must consider in our decision on this appeal. As this court stated in *Bowman v. Bowman,* 11 Ill.App.3d 719, 721, 298 N.E.2d 339:

> "Although the trial court clearly has the power to terminate alimony awards, such modifications may not be made arbitrarily or capriciously. The petitioner must show that a substantial change in the circumstances of the parties has taken place since the entry of the decree. *Tan v. Tan,* 3 Ill.App.3d 671, 279 N.E.2d 486; *Gregory v. Gregory,* 52 Ill.App.2d 262, 268, 202 N.E.2d 139, 142."

We must then look at the facts as presented to this court in the instant appeal to see if there was substantial change of circumstances of the parties such as contemplated above.

Plaintiff and defendant were married on August 23, 1936. In August of 1948, their marriage of 12 years ended in divorce. There was one child of the marriage and defendant was ordered to pay $42 per week for alimony and child support. This amount was reduced to $37.50 following a hearing in 1964.

Considering the record before us and the briefs and arguments of both parties before this court, it is clear that the length of time defendant had been paying the weekly award (some 25 years) and his reduced income due to retirement were the deciding factors in terminating the award. The trial judge in the proceedings below made the following statements:

> "I'll tell you the truth gentlemen, and ladies. Under the *Tan* case, I should abate alimony after he's been paying it so many years on a twelve-year marriage. I should abate it because the *Tan* case is even longer because the man has been paying alimony for something like eighteen or twenty years on a marriage of nine or ten years. But I'm going to order him to comply with this order until the 31st day of December at which time alimony will abate.
>
> ❋ ❋ ❋

I would terminate it even on a $20,000 a year income on the *Tan* case.

\* \* \*

I'm just telling you what I believe is the law under the *Tan* ruling and I'm bound by it.

\* \* \*

In the event he does retire in December the abatement of the alimony should take effect. If he retires on that date, then the abatement of the alimony should take effect. If not, there is to be a further hearing by the Court."

■■■ In the court's decision in *Tan v. Tan,* 3 Ill.App.3d 671, 279 N.E.2d 486, we held that the length of time and amount of alimony already paid out could be taken into account as *one factor,* along with several others, which considered as a whole might constitute a substantial change of circumstances sufficient to warrant modification or termination of the alimony. (3 Ill.App.3d 671, 675. See also *Borowitz v. Borowitz,* 19 Ill. App.3d 176, 181, 311 N.E.2d 292.) The decision to modify or terminate alimony rests within the sound discretion of the trial court (*Scalfaro v. Scalfaro,* 123 Ill.App.2d 23, 259 N.E.2d 644), and the holding of *Tan* in no way restricts this discretion. In the instant case the trial judge erred when he terminated the payment of alimony believing that he did not have the discretion to do otherwise as a result of the above decision. The order terminating the alimony must therefore be reversed.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

DIERINGER, P. J., concurs.

Mr. JUSTICE JOHNSON, dissenting:

I respectfully dissent from the opinion of the majority because, in my judgment, there was sufficient change in circumstances to warrant the termination of alimony.

The parties herein were divorced in 1948 after a marriage of 12 years. One child was born of the marriage. Defendant fully supported the child until his emancipation and paid the total amount of college expenses. Defendant paid $42 per week as alimony and child support until 1964, when he was ordered to pay $37.50 per week as alimony. He now seeks termination of alimony, based upon the following facts.

According to the defendant, he has been employed at Woolworth Company for 42 years. At the time this petition was filed, defendant's net income was $1025 per month. However, he was 63 years old and planned

to retire as of December 31, 1973. Upon retirement, his gross income will be reduced to $8000 per year. He is remarried and supports his current wife.

Plaintiff testified that she was steadily employed at Woolworth Company from 1952 until 1973. Her gross salary in 1972 was $5824. She is not currently working but plans to resume working if able. In the event she retires from Woolworth's, her estimated annual income will be approximately $3900 per year.

The allowance of alimony may be modified or terminated upon a showing of a material change in the circumstances of the parties. (*Smith v. Smith* (1929), 334 Ill. 370, 382, 166 N.E. 85, 89; *Tan v. Tan* (1972), 3 Ill.App.3d 671, 675, 279 N.E.2d 486, 489.) In the instant case, the defendant's ability to pay alimony will substantially change by virtue of his retirement. His salary will be reduced from $1025 per month to $8000 per year. He has paid alimony for 25 years continuously.

Moreover, plaintiff has an independent source of income. If she returns to work, her salary, based upon 1972 earnings, will be approximately $5800. If she decides to retire, her estimated annual income will be $3900. In this regard, we note that the court stated in *Volid v. Volid* (1972), 6 Ill.App.3d 386, 391, 286 N.E.2d 42, 46-47:

> "When the rules regarding the husband's duty of support were first enunciated, the roles of a husband and wife were more rigid and defined. The husband worked and brought income into the family while the wife maintained and managed the household. The woman generally did not seek outside employment partly, because 'her place was in the home', and partly because few opportunities for meaningful employment were available. Married women nowadays are increasingly developing career skills and successfully entering the employment market. Where a woman is trained, healthy, and employable, and where a woman's efforts have not contributed to her husband's wealth or earning potential, the necessity for an alimony award upon breakup of the marriage is not great."

In view of plaintiff's self-sufficient income, I believe that the foregoing reasoning is applicable to the facts of the instant case.

For the reasons stated, I would affirm the judgment of the trial court and hold that there was a sufficient change in the circumstances of the parties to justify the termination of alimony.