DAVID BARROW, Plaintiff-Appellee, *v.* JANE LEE BARROW, Defendant-Appellant.

(No. 75-172;

Fifth District—November 13, 1975.

John R. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellant.

Phillip A. Montalvo, of Belleville, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal by the defendant from an order of the court reducing the amount of monthly alimony payments to which she was entitled as established by an earlier order of the court. It is also a cross-appeal by the plaintiff from an order of the court increasing the amount of monthly alimony payments which he was obligated to make after paying a reduced monthly amount for one year.

Plaintiff David Barrow and defendant Jane Barrow were married on June 10, 1953. On May 3, 1972, they were divorced in Belleville, Illinois. Custody of one minor child, Jennifer, was awarded to the defendant. Plaintiff was ordered to pay $500 per month alimony and $300 per month child support. On August 28, 1973, plaintiff filed a petition to eliminate alimony alleging that his wife was now earning her own livelihood. On September 11, 1973, the parties agreed to an order under which plaintiff's responsibility for alimony was reduced to $300 per month on condition that his parents would voluntarily pay another $200 per month. The order provided that if the parents failed to pay, then plaintiff would be required to pay the additional $200.

On July 3, 1974, defendant filed a petition for a contempt citation and judgment alleging that plaintiff was $1200 in arrears in alimony payments as of June 21. On July 19, 1974, plaintiff filed a petition to reduce the amount of the monthly alimony payments. On February 20, 1975, the court found plaintiff to be $1300 in arrears as of October 1974. His parents had paid the $200 per month as promised. Following a hearing the court ordered plaintiff to pay arrearage, reduced his alimony to $150 per month for one year to January 1976 and increased it to $300 a month after January 1976.

■■ Appellant contends that the trial court acted arbitrarily in reducing the alimony to $150 per month for one year and that the change in circumstances making it more difficult for plaintiff to meet his obligations as alleged by plaintiff were not fortuitous changes but were brought

on by plaintiff's own actions and hence should not have been considered by the court.

Section 18 of "An Act * * * in relation to divorce" (Ill. Rev. Stat., ch. 40, § 19) states that:

"* * * the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just * * *.

* * *

The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper."

In this case we must determine if the trial court made "* * * such alteration in the allowance of alimony * * * as [appears] reasonable and proper." Obviously this is a situation where previous decisions can serve only as general guides since the statute itself recognizes that not only every set of circumstances is different but that a given set of circumstances may change with time. What was equitable on the date a decree was entered may not be equitable one year or two years hence and the change in circumstances may justify either an increase or a reduction in the amounts to be paid by the party so obligated.

It should be noted that the order of September 11, 1973, did not in fact reduce the obligation of the plaintiff. The amount of child support was not affected and though plaintiff himself was to pay only $300 per month instead of $500, this was contingent on his parents voluntarily paying an additional $200 per month. The decree provided that should they fail to pay such an amount, plaintiff himself would be obligated for the additional $200. Hence he was still responsible for $500 per month. How he acquired the $500 has nothing to do with his ultimate obligation. His parents could conceivably have given him the whole amount each month with or without mention of such being made in the court's decree.

■■ There is a sharp conflict in the evidence of the plaintiff and defendant regarding the earnings of each. It should be noted that defendant was unemployed at the time of the divorce in 1972. In 1973 she entered a partnership in the women's clothing business. This situation changed again in 1974 when she became self-employed as the owner of a women's clothing store. According to defendant's financial statement she operated the store at a loss and hence realized no income. According to gross sales figures the store was a successful venture and earnings were quite good. For instance, a $16,000 theft loss was absorbed and

the business continued. It is on such points as these that the appeals court should move reluctantly to disturb a finding of the trial court which heard the testimony and observed the parties as they gave it.

■■ Defendant alleges that plaintiff's income increased in 1974 whereas plaintiff adduces figures to show that it dropped off markedly (approximately $2,000 a month), particularly after the first three months of the year. Furthermore, facts were put into evidence which the judge could have considered as a reasonable explanation for a decrease in the plaintiff's earnings—for example, the decline of downtown East St. Louis where his office is located. Thus the court could have concluded that a lower trend in income was probable.

■■ While we agree with defendant that remarriage and additional living expenses incurred by the plaintiff are not to be considered in determining if alimony should be modified, we believe the trial court was not in error in taking into consideration the fact that defendant became an earner after the divorce and that a situation arose which could very well account for a diminution in the plaintiff's earnings.

We do not find any compelling precedent in cases cited by the defendant. In *Kelleher v. Kelleher*, 67 Ill.App.2d 410, 214 N.E.2d 139, there were three minor children instead of one as in the instant case and one of these children was discovered to be retarded thus demanding extra expenses, particularly tuition for a special school. Furthermore, during the six-year period following the divorce the husband's salary doubled. The facts differ markedly from those in the instant case.

In *Gregory v. Gregory*, 52 Ill.App.2d 262, 202 N.E.2d 139, the issue did not center on reduction in alimony but whether or not the court had authority to reduce an undisputed arrearage. In *Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300, the only question concerned custody. In *Nye* and the cases cited above the court gave voice to the usual rules about the latitude of the court in modifying alimony and child support providing there has been a change in circumstances, and that the burden is on the one proposing a change to show that circumstances justify a change. In *Green v. Green*, 86 Ill.App.2d 362, 229 N.E.2d 565, the court held that it was wrong for the trial court to modify alimony payments when at the time of the request, made only six months after the date of the decree, plaintiff's earnings were $730 as contrasted with $750 at the time of the decree. No new debts or obligations had been incurred and there was no change in the status of the defendant.

We agree with the defendant that changes in the circumstances of the plaintiff must be fortuitous and not of his own making. But while remarriage and the incurring of obligations to establish a new home were certainly of his own choosing and hence should not affect the

amount of alimony he is required to pay, the decrease in his earnings is a circumstance which the court has a duty to consider. Thus in *Johnston v. Johnston,* 9 Ill.App.3d 247, 292 N.E.2d 39, and *Pearlman v. Pearlman,* 131 Ill.App.2d 388, 266 N.E.2d 388, the divorced husband remarried, thus increasing his obligations, but in neither case was there any showing of a change in his income. In *Pearlman* the court held that an increase in the wife's income and the emancipation of a minor child did not warrant a reduction in alimony. It should be noted, however, that the wife was employed at the time of the decree so her employment was not a new circumstance. Furthermore, the court was considering only alimony, not child support. Hence the emancipation of a minor would have no effect on the amount of the alimony.

██ While we agree that the trial court's finding that alimony should be reduced to $150 a month was not contrary to the evidence, we do not find a justification for an increase in alimony to $300 per month to take place one year after the decree. As plaintiff points out, circumstances can again change within a year's time. In our opinion the court's decision should reflect the circumstances at the time the order is entered. If further changes are to be made, they should be made on petition of one of the parties and after hearing pertinent evidence regarding the change in circumstances since the amount of alimony was last established. Hence we reverse that portion of the order increasing alimony to $300 per month effective in January 1976.

Affirmed in part; reversed in part.

EBERSPACHER and CARTER, JJ., concur.