MARILYN G. BAKER, Plaintiff-Appellant, *v.* ARTHUR E. BAKER, Defendant-Appellee.

First District (2nd Division)   No. 76-183

Opinion filed July 26, 1977.—Rehearing denied October 11, 1977.

Haas & Dienstag, Ltd., of Chicago (Gary E. Dienstag, of counsel), for appellant.

Morris L. Simons, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendant, Arthur E. Baker, brought a post-decree divorce proceeding against plaintiff, Marilyn G. Baker, seeking termination of his unallocated

alimony and child-support payments. Plaintiff then cross-petitioned for an increase in payments. After a hearing on the petitions, the court granted defendant's petition to the extent that defendant was ordered to pay a reduced sum as regular, periodic alimony. Plaintiff's petition for an increase was denied. On appeal plaintiff contends that the court's decision was arbitrary, capricious, and contrary to the manifest weight of the evidence.

Plaintiff and defendant were married on June 3, 1945, and thereafter adopted two children, James and Jean. On March 14, 1968, a judgment of divorce was rendered in plaintiff's favor. The divorce decree awarded plaintiff permanent custody of the two children and set forth the arrangement for alimony and child support. Defendant was ordered to pay alimony and child support "in solido"[1] of $12,500 per year, as per the intention and prior agreement of the parties. In addition, the decree provided that plaintiff's income after the entry of divorce would not prejudice her rights to permanent alimony and child support, but that if, and only if, she petitioned for an increase would her income from employment be considered by the court. Defendant was also ordered to pay the medical expenses of his children in excess of $50 per month and to pay for their expenses for camp and college. The decree incorporated a property settlement agreement whereby the jointly owned marital home was to be sold and the proceeds divided 65% to plaintiff and 35% to defendant.

Following the divorce, the parties engaged in lengthy litigation over the provisions set forth in the decree. Following the 1968 divorce, and prior to October 17, 1974, defendant filed at least five petitions for modification of the support provision, and plaintiff countered with at least one petition for an increase in support and one petition to hold the defendant in contempt. During that period defendant went through bankruptcy and relocated his dental practice in California. At one point during this period, the trial court temporarily reduced the monthly payments to $700, and then later reinstated the $1,000 monthly payment.

The instant appeal arises from defendant's petition on October 17, 1974, wherein he petitioned for a complete termination of the alimony and child support. He alleged that no minor children were living with plaintiff; that the son, James, had reached his majority and no longer attended school or communicated with defendant; and that plaintiff was employable and should support herself. Plaintiff admitted that no minor children lived with her but denied that unallocated alimony and child

---

[1] The parties have not defined the term "in solido," nor has our research revealed a workable definition. In light of the term's use in the divorce decree and by the parties to this appeal, however, we conclude that "in solido" denotes an unallocated award of alimony and child support.

support were not owed her. She also answered that James was still in college and in communication with defendant as to defendant's occasional refusals to pay for James' schooling; and that her earnings as an interior decorator netted her meager profits. Lastly, she alleged that the divorce decree barred defendant's reference to her ability to support herself; and that the judgment for divorce "was part of a package deal" whereby defendant received substantial benefits from the sale of the marital home, in return for which he became obligated for plaintiff's support and that of the children.

Plaintiff also cross-petitioned for an increase in support. She alleged that her expenses had greatly increased; that defendant's income had greatly increased; that the cost of living had greatly increased; that defendant had alienated their son by his refusal to pay for James' college education; and that defendant had permitted their daughter, Jean, to run off and marry an older man of questionable background. On October 23, 1974, the court entered a temporary order of $700 unallocated alimony and child-support per month pending a hearing.

The testimony adduced at that hearing established that plaintiff was living alone in an apartment, and that she occasionally worked as a free lance interior decorator. She owned a bond in the amount of $16,000 and was making payments on an automobile. Although her monthly expenses exceeded $1,300, she had also contributed to the support of her emancipated children. She was under a physician's care for cataracts and a circulatory problem. Defendant was the sole shareholder in a profitable professional corporation which bears his name, is practicing dentistry in California, and has paid off all the expenses incurred in buying that practice. Both defendant and his present wife receive salaries from the corporation, and defendant has set up several pension plans for himself. He had recently purchased a condominium.

Following the evidentiary hearing, the court entered an order allowing defendant's petition and modifying the decree so that commencing August 1, 1975, defendant was to pay plaintiff regular periodic alimony in the sum of $500 per month. The order denied any and all relief requested by plaintiff. She now appeals from the grant of defendant's petition for modification, from the denial of her own petition for modification, and from the denial of her post-trial motion.

I.

■■ On application, the trial court may alter the allowance of alimony and child support as appears reasonable and proper. (Ill. Rev. Stat. 1973, ch. 40, par. 19.) Such modification of alimony provisions in a divorce decree rests in the sound judicial discretion of the trial court, and unless the record shows an abuse of discretion, the modification will not be

reversed on appeal. (*White v. White* (3d Dist. 1976), 41 Ill. App. 3d 758, 762, 354 N.E.2d 486; *Page v. Page* (3d Dist. 1975), 30 Ill. App. 3d 514, 515, 334 N.E.2d 212; *Booth v. Booth* (1st Dist. 1972), 6 Ill. App. 3d 62, 64, 284 N.E.2d 506.) Although the Divorce Act does not specify the conditions on which alimony may be terminated or modified, it has been construed to allow modification of an award upon a showing of substantial change in the circumstances of the parties. (*Lane v. Lane* (1st Dist. 1975), 35 Ill. App. 3d 276, 340 N.E.2d 705; *Tuey v. Tuey* (1st Dist. 1974), 20 Ill. App. 3d 445, 447, 314 N.E.2d 371; *Tan v. Tan* (1st Dist. 1972), 3 Ill. App. 3d 671, 675, 279 N.E.2d 486.) However, the modification may not be made arbitrarily or capriciously. (*Baker v. Baker* (1st Dist. 1975), 28 Ill. App. 3d 680, 681, 329 N.E.2d 408; *Bowman v. Bowman* (1st Dist. 1973), 11 Ill. App. 3d 719, 721, 298 N.E.2d 339.) It must be shown that such a modification is equitable. (*Lane,* at 279.) These well-established rules are equally applicable to modification of child-support awards. *Addington v. Addington* (1st Dist. 1977), 48 Ill. App. 3d 859, 363 N.E.2d 151, *Elizer v. Elizer* (5th Dist. 1976), 36 Ill. App. 3d 552, 554-55, 344 N.E.2d 493; *Thomas v. Thomas* (1st Dist. 1974), 23 Ill. App. 3d 936, 941, 321 N.E.2d 159.

Plaintiff contends that the trial court abused its discretion by granting defendant a reduction in the "in solido" alimony and child-support award, by denying plaintiff's petition for an increase, and by acting arbitrarily, capriciously, and contrary to the manifest weight of the evidence. For the reasons discussed herein, we agree.

### A.

Plaintiff maintains that defendant failed to sustain his burden of proving a material change of circumstances justifying the substantial reduction ordered. In petitioning for modification, the burden of proof is upon the applicant to establish his right thereto. (*Daum v. Daum* (5th Dist. 1973), 11 Ill. App. 3d 245, 249, 296 N.E.2d 614; *Glassmeyer v. Glassmeyer* (1st Dist. 1971), 131 Ill. App. 2d 419, 422, 268 N.E.2d 251; *Loucks v. Loucks* (5th Dist. 1971), 130 Ill. App. 2d 961, 964, 266 N.E.2d 924.) Plaintiff argues that defendant failed to show a change in circumstances in that he introduced no evidence of plaintiff's needs, the needs of the emancipated children, any increase in plaintiff's income, or any decrease in defendant's income. Additionally plaintiff emphasizes that defendant failed to introduce any evidence as to the parties' intent when they originally planned the "in solido" alimony and child support award. What she highlights is that the decree was silent as to the terms of support once the minors came of age. As a result of the court's order appealed from, plaintiff is unable to determine whether the court eliminated any portion of the award which was intended to cover plaintiff's support.

Defendant, on the other hand, maintains that he showed substantial changes of circumstances. In his petition for the termination of alimony and child support, defendant stated only that there are no minor children living with plaintiff, that James has reached his majority and no longer attends college, and that plaintiff is able to work and should be required to support herself. In essence, therefore, defendant's position is that both of his children are now emancipated, and that he has no legal obligation whatsoever to help support them. Although plaintiff has been giving the children money, defendant notes that she is not legally obligated to do so. Since he is no longer legally obligated to support the children, defendant concludes that any order requiring him to pay child support must be modified. Further, defendant contends that he was not required to show plaintiff's needs or those of the children. Instead, he argues that having shown a material change in circumstances (*i.e.*, children no longer with plaintiff, children emancipated), he met his burden of proof and the court properly entered its order.

■■ Defendant overlooks, however, the obvious fact that the modification order entered July 18, 1975, is structured to favor him, shows no recognition of plaintiff's established needs, and does not specify reasons justifying the exact reduction ordered. We believe that the award is not supported by the record.

## B.

When the parties were divorced in 1968, the "in solido" award was part of a total property settlement. By its very nature, the "in solido" award of alimony and child support remained unallocated.[2] By its very terms, the "in solido" form was used so that "[d]efendant may deduct the entire amount from his future annual individual income tax returns and so that the plaintiff shall include the entire amount in her future annual individual income tax returns." This is in sharp contrast to the situation wherein child support payments are separately awarded and distinguished from alimony payments. *Needler v. Needler* (1st Dist. 1971), 131 Ill. App. 2d 11, 18, 268 N.E.2d 517.

■■ Yet the court erred when it entered its order reducing plaintiff's support to $500 per month as regular periodic alimony. There was no evidence of how and to what extent the emancipation of the children decreased plaintiff's needs. (*Chalmers v. Chalmers* (3d Dist. 1961), 31 Ill. App. 2d 1, 175 N.E.2d 613 (abstract); *Higgs v. Higgs* (2d Dist. 1953), 351 Ill. App. 134, 113 N.E.2d 810 (abstract).) Further a support award not designating a specific sum for child support may not be reduced *pro rata*

---

[2] For a discussion of the tax consequences of failing to allocate an award, see *Commissioner of Internal Revenue v. Lester* (1961), 366 U.S. 299, 6 L. Ed. 2d 306, 81 S. Ct. 1343; *Fryer v. Commissioner* (2d Cir. 1970), 434 F. 2d 67.

as each child reaches his majority. (*Storm v. Storm* (1st Dist. 1973), 9 Ill. App. 3d 1071, 1074, 293 N.E.2d 633; *Hoover v. Hoover* (1st Dist. 1940), 307 Ill. App. 590, 603, 604, 30 N.E.2d 940.) This is particularly true where, as in the instant case, the party receiving support has documented her increased needs. Lastly, *we reiterate that the "in solido" award was part* of a total property settlement agreement incorporated into the divorce decree. Although the fact that a divorce decree adopts the terms of a property settlement agreement does not affect the court's power to modify an award, the existence of such agreement is a factor to be considered. *Bowman v. Bowman* (1st Dist. 1973), 11 Ill. App. 3d 719, 721-22, 298 N.E.2d 339; see also *Pearlman v. Pearlman* (1st Dist. 1970), 131 Ill. App. 2d 388, 266 N.E.2d 388.

## C.

■■ Nor was defendant entitled to a reduction in alimony based solely on plaintiff's alleged ability to support herself. Defendant is not barred from raising the issue, however, because plaintiff cross-petitioned for an increase in support. As set forth in the divorce decree, plaintiff's petition for an increase served to trigger the argument. This fact alone distinguishes the case at bar from those upholding the parties' agreement that the husband would not advance the wife's employment as a reason for modification. (See *Pollard v. Pollard* (2d Dist. 1976), 41 Ill. App. 3d 907, 908-09, 355 N.E.2d 41; *Wohl v. Wohl* (1st Dist. 1975), 28 Ill. App. 3d 298, 302, 328 N.E.2d 138.) But defendant's advancement of the argument is not necessarily dispositive of the issue. As plaintiff contends, defendant failed to show how her asserted ability to support herself was a change in circumstances. Defendant made no effort to show that plaintiff is living any more comfortably now than before; and our review of the records refutes that suggestion.

## D.

■■ Although defendant failed to prove that plaintiff's needs have decreased since the emancipation of their children, plaintiff demonstrated her increased needs. By way of testimony and exhibit, plaintiff presented a monthly itemization of expenses which was largely undisputed. Even eliminating certain challenged items, plaintiff's expenses remain in excess of $1,000 per month. Further, she specifically alleged the cost of living as a factor. Courts may properly consider this factor (*Hickey v. Hickey* (1st Dist. 1975), 31 Ill. App. 3d 257, 262, 333 N.E.2d 271), especially where the party alleging it has presented evidence clearly indicating the applicant's needs have thereby increased (*cf. Goldberg v. Goldberg* (1st Dist. 1975), 30 Ill. App. 3d 769, 772, 332 N.E.2d 170). In this case the trial court took judicial notice of the increase in the cost of living.

We note, too, that in petitioning for termination, defendant never maintained that the $1,000 per month originally ordered was beyond his present financial means. Defendant's economic position has steadily improved since he moved to California and continued payment of $1,000 per month to plaintiff presents no more of a burden to him than before. If anything, based upon the record, it is less of a burden. In this respect, defendant's continuing ability to pay the support earlier decreed is certainly not the type of change in circumstances which would justify reduction or termination of plaintiff's support. (*Borowitz v. Borowitz* (1st Dist. 1974), 19 Ill. App. 3d 176, 181, 311 N.E.2d 292.) The trial court's finding and order were clearly erroneous and against the manifest weight of the evidence. Accordingly, we reverse the trial court.

Because of our holding, the reversal is effective as of July 18, 1975, the date the modification order was entered. Plaintiff is entitled to support of $1,000 per month as of that date. Consequently, we reverse and remand with instructions that the judgment order of the circuit court of Cook County entered July 18, 1975, be modified in accordance with the views expressed herein.

Reversed and remanded.

STAMOS and PERLIN, JJ., concur.