JEANNE L. SHELLENE, Plaintiff-Appellant, v. DALE W. SHELLENE, Defendant-Appellee.

Second District   No. 76-212

Opinion filed October 5, 1977.

Arthur Charles Holt, of Waukegan, for appellant.

Finn, Geiger & Rafferty, of Waukegan, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

The parties to this appeal were married in 1944 and divorced in 1972. Pursuant to the divorce decree the defendant, Dale Shellene, was required to pay $200 per month as permanent alimony to the plaintiff, Jean Shellene. In 1976 the defendant filed a petition seeking a termination of the alimony payments or, in the alternative, a substantial reduction in the amount of the alimony payments. In support of the petition he alleged that he was taking an early retirement from his job as a supervisor for the telephone company which would reduce his annual salary from approximately $30,000 to $13,668, before taxes. He also alleged that the plaintiff is regularly and gainfully employed and should be capable of self support. While there were children born of the marriage, they were all of legal age and self supporting at the time of the divorce.

At the hearing on the petition, the plaintiff moved to dismiss the petition after the presentation of the defendant's case on the grounds that no sufficient change of circumstances had been shown which would allow a reduction in the alimony. The trial court found that sufficient change had been shown, and that after 30 years of employment, defendant had a right to retire. Thereupon the court reduced the alimony to $100 per month. The plaintiff now brings this appeal.

Section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) provides in part:

> "The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper."

The decision to modify or terminate alimony rests within the sound discretion of the trial court and a reviewing court will not interfere with the exercise of such discretion in the absence of its abuse. (*Scalfaro v. Scalfaro* (1970, 123 Ill. App. 2d 23, 259 N.E.2d 644.) Illinois courts in the proper situation have granted reductions in alimony payments or have terminated them all together. (See *Tan v. Tan* (1972), 3 Ill. App. 3d 671, 279 N.E.2d 486.) But the cases where relief has been granted have been

cases where the change in circumstances is fortuitous and not the result of deliberate action or conduct of the party seeking the reduction. (*Blowitz v. Blowitz* (1966), 75 Ill. App. 2d 386, 391, 221 N.E 2d 160, 163; see also *Barrow v. Barrow* (1975), 33 Ill. App. 3d 654, 342 N.E.2d 237.) Where the change in circumstances was brought about by the party seeking the reduction in alimony payments, the court has not hesitated to reverse the granting of such reductions. See *Blowitz v. Blowitz; Pearlman v. Pearlman* (1970), 131 Ill. App. 2d 388, 266 N.E.2d 388; *Bowman v. Bowman* (1973), 11 Ill. App. 3d 719, 298 N.E.2d 339.

The plaintiff relies on the *Blowitz* case and contends that the defendant brought about the reduction in his income by electing to take early retirement and has therefore not shown sufficient fortuitous change to provide a basis for the reduction in alimony.

The defendant relies on two cases involving reduction in child support payments. in *Martinec v. Martinec* (1974), 17 Ill. App. 3d 402, 308 N.E.2d 161 (abstract), the court allowed the defendant to reduce his child support payments when he left his employment as a police officer to seek more education. The amount by which the payments were reduced however was to accrue and would be paid back by the defendant when his income later increased. In *Kohn v. Kohn* (1974), 21 Ill. App. 3d 117, 315 N.E.2d 52 (abstract), the defendant had left his employment as a police officer at the request of his present wife and after having had a serious automobile accident. After unsuccessful attempts to find employment, he found a job and the court granted his petition for a reduction in child support payments. The court pointed out that when the parents are living together the standard of living rises or falls with the changes of the father's fortunes and such readjustments should be no different unless the move was made to avoid responsibility or in bad faith. See also *Thomas v. Thomas* (1967), 281 Ala. 397, 203 So. 2d 118.

In *Tan v. Tan,* the court affirmed a termination of alimony payments with a payment of $1,000 to the former wife, finding that the monthly payments of alimony approximating a total of $7,000 over a period of about five years amounted to a material change in circumstances. The Tans had lived together for only seven months before separating and eventually divorcing. While finding that the remarriage of the defendant and the birth of a child by that marriage did not present in itself a change of conditions sufficient to warrant modification or termination of alimony, it was still a factor to be taken into account together with all other circumstances and as such they were properly considered by the court.

■■ The court in *Barrow v. Barrow* in dealing with a reduction in alimony stated:

> "Obviously this is a situation where previous decisions can serve only as general guides since the statute itself recognizes that not only every set of circumstances is different but that a given set of

circumstances may change with time." 33 Ill. App. 3d 654, 656, 342 N.E.2d 237, 238.

Here, the record reflects that the defendant's income was approximately $30,000 before taxes, prior to his retirement, and that plaintiff's alimony of $200 per month or $2,400 per year was less than 10 percent of the defendant's income. After his retirement, the defendant's income was reduced to $13,668 annually plus the dividends of approximately $1,300 from shares of AT & T stock that he owns. On this basis the court reduced plaintiff's alimony payments by 50 percent.

The record further shows that the plaintiff is employed as a secretary, making a gross salary of $160 per week. She lives in a trailer park where she owns her own home. She pays $75 a month for space rental and $110 per year as a privilege tax which is in lieu of a real estate tax. None of the couples' children live with her or are supported by her. Under the original divorce decree, the plaintiff would have a gross income of approximately $890 per month. After the modification granted by the trial court plaintiff's gross income would be approximately $790 per month. After 28 years of marriage and assisting in the raising of a family, plaintiff must work full time to have a gross income of approximately $9,500 per year while defendant retires at age 55 with a gross income of approximately $15,000. This result is not equitable in light of the length of the marriage, the time and effort required of plaintiff to maintain her standard of living when compared with the income of each of the parties.

The defendant has the right to retire; however, we note that the age of 55 years is relatively early. Defendant saw fit to retire prior to the court's reduction in the alimony so he must have been prepared to pay the alimony had the court not granted any reduction.

■■ The record here indicates that the trial court overlooked essential and important considerations, merely stating that after 30 years a man has the right to retire; thereupon he reduced the alimony payment by 50 percent. As stated above, the order of the trial court is unequitable on the basis of all the above facts, therefore, we remand this case for a detailed analysis and findings of the tax consequences, the cost of living of each of the parties and the relative standards of living of the parties after the defendant's retirement; thereafter, the trial court should enter such order as its analysis justifies.

Therefore we remand this cause to the trial court for further consideration.

Reversed and remanded.

NASH and BOYLE, JJ., concur.