EVELYN TERESA MILLER, Plaintiff-Appellee, *v.* MERLE MILLER, Defendant-Appellant.

Second District No. 78-6

Opinion filed November 6, 1978.

Loren S. Golden, of Mt. Carroll, for appellant.

Coplan & Dunagan, of Morrison, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Evelyn Miller, was granted a divorce from the defendant, Merle Miller, on March 1, 1976. Included in the decree was the provision that the defendant pay $25 a week as alimony. No appeal was taken from the decree. However, when the plaintiff on July 8, 1977, petitioned the court to compel defendant's compliance with various provisions of the decree, the defendant cross-petitioned for the termination of alimony and for section 72 relief (Ill. Rev. Stat. 1975, ch. 110, par. 72) from the March 1976 judgment. On October 12, 1977, the court denied the petition to vacate, declined to terminate alimony but ordered the payments to the plaintiff reduced from $25 a week to $20 a week. Defendant appeals.

Defendant's petition to vacate the judgment of divorce sets forth claims of newly discovered evidence, that the wife had fraudulently concealed facts and that the original decree was inequitable. His petition was supported by an affidavit in which he stated that he was heavily sedated at the time of the original proceedings and was therefore unable to testify as to the nature of plaintiff's mother's contribution to the parcel of real estate given to the plaintiff under the decree of divorce. The record of the 1976 proceeding was not produced at the section 72 hearing. At the conclusion of the hearing the trial judge commented that the matters alleged as fraud could have been determined better if the party claiming the fraud had ordered a transcript of the original proceedings. The judge noted that he had kept his own notes at the time of the contested divorce hearing; and that although it was "nothing like the complete record" it showed that the matters attempted to be brought out at the section 72 hearing were gone into in the original proceedings.

■■ It is clear that a motion under section 72 cannot be used to again put in issue matters which have previously been adjudicated; and that the movant is not entitled to relief unless he shows through no fault or negligence of his own the error of fact or the existence of a valid defense was not presented to the trial court. *Brunswick v. Mandel*, 59 Ill. 2d 502, 504-05 (1974).

Although the transcript of the earlier proceedings is now before this reviewing court it was not before the trial court. On this basis alone judgment of the trial court must be affirmed. "Generally, except for that

which a court may judicially notice, * * * matters considered in reaching a judgment must be within the record before the court." (*Roth v. Roth*, 45 Ill. 2d 19, 25 (1970).) The trial court was not required to go beyond the record actually before it and on that basis it is clear that the defendant did not sustain his burden of alleging facts which if true would show that he was entitled to the relief requested, since in the absence of the prior record there was no way for defendant to show what was and what was not previously of record.

Moreover, the transcript that has been supplied to this court for the first time on appeal completely supports the trial court's conclusion that defendant failed to meet his burden and establish the existence of newly discovered evidence or fraudulent concealment of facts. The record shows that defendant was represented by counsel at the original 1976 proceeding; that he testified that $6000 had been advanced by his wife's mother but that this was a loan. Defendant was given the opportunity to explain the transaction and stated that after he had built the home and jointly made some payments with his wife he had no idea what the monetary arrangements were with his former mother-in-law. The only evidence introduced in support of the allegation of fraud at the section 72 proceeding was the testimony of the defendant that his former wife had induced him to call the six thousand dollar advance a "loan" on the promise that the property would be split equally. No medical testimony was produced to show that defendant was heavily sedated and not physically able to present evidence at the original proceeding as alleged in his affidavit. (*Cf. Jordan v. Jordan*, 38 Ill. App. 3d 781, 784 (1976).) Therefore we must conclude that the trial court did not err in dismissing the petition.

We also find no abuse of discretion in the modification of the decree as to alimony. The hearing in the cause was held on October 10, 1977, and although the trial court did not note this fact, it is to be governed by section 801 of the Marriage and Dissolution of Marriage Act which provides that the new act shall apply to all pending proceedings which have not gone to judgment prior to October 1, 1977. Ill. Rev. Stat. 1977, ch. 40, par. 801(b); see also *Doyle v. Doyle*, 62 Ill. App. 3d 786, 379 N.E.2d 387 (1978).

The new act, however, makes no substantive change in the previous criteria for changing alimony or support; both statute and pre-marriage-act case law require a substantial change in circumstances to modify a decree. (See *Shellene v. Shellene*, 52 Ill. App. 3d 889 (1977); see also Ill. Rev. Stat. 1977, ch. 40, par. 510(a).) Modification of alimony provisions is within the court's sound discretion and its order will be reversed on appeal only where the record shows an abuse of discretion. *Shellene v. Shellene*, 52 Ill. App. 3d 889, 890 (1977).

Defendant's argument is premised on his claim that the circumstances of the parties have changed in that he has remarried, his monthly income has been reduced by $284 while plaintiff's monthly income has increased from $40 to $60. Remarriage, however, is generally not considered in determining if alimony should be modified (*Barrow v. Barrow*, 33 Ill. App. 3d 654, 657 (1975)) and it is particularly irrelevant here since defendant concedes that his monthly expenses of $500 have not increased. The only potential ground for modification is the reduction of defendant's income. The record reveals, however, that the reduction is due to defendant having been fired from his job and his failure to secure other employment except on a part-time basis. The trial court may properly take those considerations into account since the change in circumstances alleged must be fortuitous and not of the husband's own making in order to justify any modification. (*Shellene v. Shellene*, at 891; *Barrow v. Barrow*, at 657.) The trial court's refusal to terminate or further reduce alimony payments was not against the manifest weight of the evidence nor an abuse of discretion. The judgment therefore is affirmed.

Affirmed.

RECHENMACHER and NASH, JJ., concur.