E. CHARLES GEITTMANN, Petitioner and Counterrespondent-Appellant, *v.* NELL D. GEITTMANN, Respondent and Counterpetitioner-Appellee.

Fifth District   No. 5—83—0516

Opinion filed July 13, 1984.—Rehearing denied August 23, 1984.

E. Charles Geittmann, of Metropolis, for appellant, *pro se*.

Thomas F. Crosby, of Winters, Garrison, Brewster, Permar, Speroni & Murphy, of Marion, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

E. Charles Geittmann (petitioner) appeals three orders entered on June 30, 1983, in the circuit court of Massac County. The first order denied Mr. Geittmann's petition to modify an order of May 11, 1973, dissolving his marriage to Nell D. Geittmann (respondent). The proposed modification would have relieved petitioner of his obligation to pay alimony to respondent. The second order found petitioner in contempt of court by reason of his failure to pay maintenance to respondent, and directed petitioner to pay $5,000 to respondent within 30 days. The third order directed petitioner, an attorney, to assign to respondent's trustee all of his shares in E. Charles Geittmann, P.C., a professional corporation, and directed the trustee to make installment payments to respondent from the corporate proceeds in order to satisfy a judgment for unpaid maintenance.

The marriage of petitioner and respondent was dissolved by the

aforementioned decree of divorce on May 11, 1973. The decree ordered petitioner to pay respondent $1,000 per month. The amount was reduced to $800 by an order modifying the divorce decree, entered on August 8, 1973.

On February 13, 1981, respondent filed a petition for rule to show cause why petitioner should not be held in contempt for his failure to make payments ordered in the divorce decree. Petitioner, on August 11, 1981, filed his petition to modify the divorce decree, praying for termination of his obligation to pay alimony. On August 14, 1981, respondent filed a motion for summary judgment and a motion to strike the petition to modify the divorce decree. After a hearing on August 28, 1981, the court found that petitioner had failed to make timely payments pursuant to the divorce decree, but that his failure had not been wilful or contemptuous. The court thus ordered the contempt petition dismissed, while granting respondent's motion for summary judgment. Judgment was entered for respondent in the amount of $34,200 for alimony accruing to the date of July 15, 1981. Following the same hearing, the court dismissed for failure to state a cause of acton Mr. Geittmann's petition to modify the divorce decree, granting petitioner 35 days in which to amend the petition. An amended petition was filed on October 2, 1981, and an amendment to the amended petition was filed on March 11, 1982.

Respondent sought to enforce the judgment against petitioner by filing, on April 15, 1982, a citation to discover assets; on April 23, 1982, a petition for sequestration; on April 26, 1982, a petition for rule to show cause why petitioner should not be held in contempt; and on May 7, 1982, a wage deduction summons. On June 30, 1983, the court entered judgment in the form of the three aforementioned orders. Petitioner's motion to modify the divorce decree and to be relieved of his obligation to pay maintenance was denied. Petitioner was found in contempt of court and ordered to pay $5,000 within 30 days. Respondent's petition for sequestration was granted. From these orders, petitioner appeals.

■■ A court may modify a maintenance award if the conditions and circumstances of the parties have materially changed since the entry of a prior decree. (Ill. Rev. Stat. 1981, ch. 40, par. 510.) Just as no single criterion is controlling in determining the propriety of an initial maintenance award, no single criterion is controlling in determining the propriety of a modification. (*Gorman v. Gorman* (1979), 72 Ill. App. 3d 658, 662, 391 N.E.2d 70.) The decision to modify or terminate maintenance payments rests within the sound discretion of the trial court, and such a decision will not be disturbed on review absent an

abuse of discretion. (*Shellene v. Shellene* (1977), 52 Ill. App. 3d 889, 890, 368 N.E.2d 153.) In the instant case, the evidence of record does not support petitioner's contention that the trial court's decision not to modify maintenance payments was so unreasonable as to constitute such an abuse. To the extent that petitioner's ability to pay maintenance has actually been impaired, it is largely the result of indebtedness incurred by petitioner either personally or in the capacity of E. Charles Geittmann, P.C. Where a change of circumstances is not fortuitous, but rather is brought about by the party seeking a reduction or eradication of maintenance obligations, the moving party may not claim an entitlement to modification on equitable grounds. (*Cf. Shellene v. Shellene* (1977), 52 Ill. App. 3d 889, 890-91, 368 N.E.2d 153.) Moreover, due to illness, respondent's need for maintenance has increased substantially since the entry of the divorce decree. The trial court's denial of modification was proper in light of the parties' circumstances.

■■■ A trial court's finding of wilful contempt, together with the imposition of appropriate sanctions, is a matter similarly within the discretion of the trial judge. Absent a clear abuse of discretion, such a finding will not be disturbed on review. (*Shive v. Shive* (1978), 57 Ill. App. 3d 754, 764, 373 N.E.2d 557.) The failure of petitioner to make any payments from February 7, 1977, until the date the contempt order was issued, together with evidence of petitioner's assets and ability to earn income, adequately supported the trial court's conclusion that petitioner's failure to make payments "was considered and calculated, and was wilfully, understandingly and purposefully done," thus causing petitioner to be in contempt of court.

Petitioner contends that the remedy fashioned by the trial court in its third order of June 30, 1980, is beyond the court's authority. The order contained the following mandate:

> "That Petitioner-Counterrespondent shall, within 35 days of the date hereof, assign, set over, and deliver to NELL D. GEITTMANN, or her nominee as trustee, all shares in E. Charles Geittmann, P.C., or any other successor, substitute or substantially similar corporation heretofore or hereafter formed or, if none such, he shall transfer, assign and set over all assets, including income from day-to-day, of any substitute, successor or substantially similar business entity heretofore or hereafter formed of which E. CHARLES GEITTMANN is an owner, beneficiary or recipient in any way of THIRTY-FIVE PERCENT (35%) or more of the net profits of such entity, and such trustee shall pay or cause to be paid to NELL D. GEITTMANN the

sum of FIVE HUNDRED DOLLARS ($500.00) each month to apply on the Judgment entered herein on September 14, 1981 and accrued interest thereon at the rate of NINE PERCENT (9%) per annum, and to pay, or cause to be paid, the balance of such assets or income from such corporation or other entity to E. CHARLES GEITTMANN, or his designees, and the employees and creditors of such corporation or entity; any and all expenses of such trustee shall be paid by such corporation or entity, including a per diem of ONE HUNDRED DOLLARS ($100.00) for any time reasonably spent in administering the trust in excess of eight hours per month, payable for each eight hours or fraction thereof in excess of eight hours so spent."

The order was granted in response to a petition for sequestration brought by respondent pursuant to section 392 of the old Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 392). Section 392 was in effect at the time respondent filed her petition; however, at the time the court entered its order, section 392 had been repealed, and its provisions incorporated with modification into section 2—1402 of the new Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—1402). Section 392 of the old act read as follows:

"When a defendant is defaulted, or upon hearing, the court may enter such order as may be just, and may enforce such order, either by sequestration of real and personal estate, by attachment against the person, by fine or imprisonment, or both, by causing possession of real and personal estate to be delivered to the party entitled thereto, or by ordering the demand of the plaintiff to be paid out of the effects or estate sequestered, or which are included in such order; and by the exercise of such other powers as may be necessary for the attainment of justice." (Ill. Rev. Stat. 1979, ch. 110, par. 392.)

The essential question is whether the modifications of the new statute precluded the remedy of sequestration explicitly authorized under the former statute. Section 2—1402 provides the following:

"(b) When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:

(1) Compel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his or her possession or control, so discovered, capable of delivery and to which his or her title or right of possession is not substantially disputed.

(2) Compel the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, a portion of his or her income, however or whenever earned or acquired, as the court may deem proper, having due regard for the reasonable requirements of the judgment debtor and his or her family, if dependent upon him or her, as well as any payments required to be made by prior order of court or under wage assignments outstanding. The court may modify an order for installment payments, from time to time, upon application of either party upon notice to the other.

(3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement.

(4) Enter any order upon or judgment against the person cited that could be entered in any garnishment proceeding.

(5) Compel any person cited to execute an assignment of any chose in action or a conveyance of title to real or personal property, in the same manner and to the same extent as a court could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of the enforcement of a judgment.

\* \* \*

(c) All property ordered to be delivered up shall, except as otherwise provided in this section, be delivered to the sheriff to [be] collected by the sheriff or sold at public sale and the proceeds thereof applied towards the payment of costs and the satisfaction of the judgment."

Petitioner argues that subsection (c) effectively prohibits the remedy of sequestration fashioned in the trial court's order. If the stock were properly to be delivered in satisfaction of the judgment, petitioner contends, it would have to be sold, and not held in trust. This argument presupposes the legal fiction that petitioner is three persons—(1) corporation, (2) corporate shareholder, (3) corporate employee—and that petitioner's pecuniary interest in his own professional efforts accordingly fall into distinct categories of stock ("property" under subsection (1) of section 2—1402) and salary ("income" under subsection (2) of section 2—1402). This, however, is not a valid presupposition.

The general rule that a corporation is presumed to be separate and

distinct from its shareholders is subject to the broad exception that separate identities may be disregarded in situations in which it would otherwise pose an obstacle to protection or enforcement of private or public rights. (*Froehlich v. J.R. Froehlich Manufacturing Co.* (1981), 93 Ill. App. 3d 179, 182, 416 N.E.2d 1134.) The legal fiction that petitioner in the instant case is a separate entity from the corporate person of E. Charles Geittmann, P.C., and that E. Charles Geittmann as shareholder is distinct from E. Charles Geittmann as employee, serves only to confuse an otherwise obvious state of affairs. Petitioner's argument that the court was precluded from ordering petitioner's stock held in trust because of subsection (c), which states that all property delivered to the court must be held for sale, is, in our judgment, untenable, and the language of subsection (b)(2) sufficient to enable the court to fashion such a remedy under the peculiar circumstances where corporation, corporate shareholder, and corporate employee are one and the same human being.

■ Subsection (b)(2) empowers the court to "[c]ompel the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, a portion of his or her income, *however or whenever earned or acquired* \*\*\* as well as any payments required to be made by prior order of court or under wage assignments outstanding." (Emphasis added.) The court's act of placing petitioner's stock in trust in order to satisfy the judgment owed to respondent did nothing more than this. It is apparent that a simple wage deduction order would prove inadequate, since petitioner would invariably be in a position to manipulate or avoid the effect of such an order by lowering his own salary. Under these circumstances, the court properly disregarded the separate identities of petitioner as corporation, shareholder, and employee, and fashioned a remedy which would insure that a portion of petitioner's income regularly would be paid in satisfaction of the outstanding judgment. The record discloses that the installments the trustee was ordered to pay from the corporate proceeds were reasonable in amount.

The order denying the petition to modify the marriage decree is affirmed; the order finding petitioner in contempt of court is affirmed; the order placing petitioner's stock in his professional corporation in trust is affirmed.

Affirmed.

KASSERMAN and KARNS, JJ., concur.