NANCY D. WOHL, a/k/a NANCY D. MICKLER, Plaintiff-Appellant, *v.* KENNETH S. WOHL, Defendant-Appellee.

(No. 60759;

First District (5th Division)—April 25, 1975.

Kirkland & Ellis, of Chicago (John E. Angle, of counsel), for appellant.

Bernard Hammer, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

This appeal arises from an order entered in a post-decree proceeding which granted the defendant a reduction in child-support payments.

On appeal, the plaintiff raises one issue: whether the trial court erred in considering the mother's employment in ordering a reduction in child-support payments due from the defendant father.

The parties were divorced on April 9, 1969. The divorce decree approved and incorporated a property settlement agreement entered into between the parties which provided, among other things, as follows: that custody of the parties' two minor children shall be with plaintiff; that defendant would contribute $225 per child per month for support of the children; that defendant would provide $4,600 to plaintiff in lieu of alimony. The settlement agreement also provided that:

> "The husband agrees that he will not advance as a reason for modification of the child support payments provided for in this agreement any future employment the wife may obtain."

At the time of the divorce, plaintiff was unemployed and defendant's income was $18,000 per year.

In July, 1973, defendant unilaterally determined to reduce his child-support payments from the agreed $450 to $300 per month. In October, 1973, plaintiff filed a petition to reduce the then existing arrearage to judgment. Defendant answered the petition and sought a reduction in his child support payments, relying primarily upon the plaintiff's employment and income which first arose subsequent to the entry of the divorce decree.[1]

---

[1] Defendant advanced several other factors justifying a modification of the child support payments including: a State income tax in his present State of employment not in existence in Illinois when the decree was entered; a loss of meals provided by his past employment but not by his present employment; and an increase in his social security tax. Consideration of these factors by the trial court judge in determining whether a change of circumstances had occurred are not in issue on appeal.

Based upon the petition, answer and subsequent hearing, the trial court entered an order which reduced defendant's child support payments from $450 to $350 per month. The order contained the following findings:

"1. The provision in the parties, agreement, dated March 21, 1969, which was incorporated and approved in the Decree for Divorce entered herein on April 9, 1969 and which provides that: '* * * the husband agrees that he will not advance as a reason for modification of the child support payments provided in this agreement any future employment the wife may obtain * * *. is not binding on this Court and does not preclude it from modifying the defendant's child support obligation.

2. The Court considered all matters and evidence presented and the employment of the wife subsequent to the entry of the decree and the earnings derived therefrom and together same represent material changes of circumstances which warrant a modification of the defendant's child support obligation."

Plaintiff appeals from this order, contending that the court's refusal to be bound by the parties' agreement with respect to the wife's employment constitutes reversible error. We agree with plaintiff.

OPINION

On appeal, the single issue raised is whether the trial court erred in considering the mother's employment and income derived therefrom as a factor in ordering a reduction in child support payments due from the defendant father.

Plaintiff argues that the parties knowingly and voluntarily entered into a binding agreement, incorporated into the divorce decree, which precludes defendant from advancing the wife's employment as a change in circumstance justifying the modification of the child support payments due from the father. Defendant contends that the provision agreed upon between the parties violates the public policy of the State in that it absolves the wife from liability for her share of equitable child support. Defendant argues that public policy mandates that contributions to child support should be determined in proportion to the parents' financial ability based on the facts of the individual case. It is clear that the trial court focused its attention on the public policy question in determining that neither the parties nor the court could be bound by the provision in issue.[2]

[2] *The Court:* "Really, I think it would hinge on whether or not that clause is contrary to public policy and is [un]enforceable. If it is, and I think quite fairly she has an obligation to help support the children."

■■ The public policy of a State is to be found in its constitution, its statutes, or in their absence, expressions contained in judicial opinions. (*Bilek v. City of Chicago*, 396 Ill. 445, 71 N.E.2d 789.) We have found no public policy in our constitution, statutes, or decided case law which would cause this court to invalidate the agreement between the parties.

Defendant's arguments against the validity of the agreement are based in part upon a misinterpretation of its substance and what it in fact accomplishes. Defendant contends that the provision (1) absolves the mother from her share of child support, and (2) divests the court of its power contrary to section 18 of the Divorce Act.[3] (Ill. Rev. Stat. 1973, ch. 40, par. 19.) We disagree as to both contentions.

■■ Contrary to defendant's contention, the agreement does not completely absolve plaintiff from possible responsibility for contributing to the support of the minor children. There is nothing in the provision to preclude a court, under appropriate circumstances, from ordering the mother to contribute to her children's support. What the provision does accomplish, however, is to prevent the father from reducing his obligation of support on the basis of the mother's employment and income derived therefrom. The provision is silent as to any duty imposed on the mother for support of the children.

■ We also disagree with defendant's contention that the agreement divests the court of its power to modify the divorce decree. As noted above, it is defendant who is precluded from advancing any future employment of plaintiff as a reason for modification of child support payments; the court still retains the power to modify the decree based upon a change in circumstances. (*Edwards v. Edwards*, 125 Ill.App.2d 91, 259 N.E.2d 820.) Thus the agreement has neither absolved the wife from any responsibility she may bear in making future support payments nor has it removed the power of the court to make such an order. Defendant has merely agreed to remove from consideration a factor that he otherwise could have advanced as constituting a change in circumstance justifying a modification.

■■ It is well settled that there must be a material change in circumstances of the parties since the entry of a decree in order to justify a modification in child support payments. (*Lewis v. Lewis*, 120 Ill.App.2d 263, 256 N.E.2d 660.) The burden is upon the petitioning party to show such circumstances as would require modification of a divorce decree provision concerning child support. (*Gaines v. Gaines*, 106 Ill.App.2d 9,

---

[3] The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper.

245 N.E.2d 574.) In the case at bar the parties have agreed as to what will not constitute a change in circumstances for purposes of modification of the ordered child support, *i.e.*, the wife's employment subsequent to the entry of the decree.

■■ A provision analogous to the one presently at issue was recently considered by this court in *Bergstrom v. Kuhn*, 17 Ill.App.3d 135, 307 N.E.2d 667. After providing for child support, a lump sum payment in lieu of alimony and a finding that the defendant's gross income was $16,000, the parties agreed that:

> "It is contemplated that John's [defendant's] income will, from time to time, increase and that Barbara [plaintiff] shall become employed and commence receiving an income. Therefore, the parties do agree that for purposes of determining a change of circumstances there shall be no such change unless John's income shall exceed Twenty-two Thousand ($22,000.00) Dollars per year or Barbara's income shall exceed Five Thousand ($5,000.00) Dollars per year."

In deciding that the provision was valid and binding on the parties, the court stated in language applicable to the case at bar:

> "The law looks with favor upon the amicable settlement of property rights and is reluctant to disturb decrees based thereon. (*Guyton v. Guyton*, 17 Ill.2d 439, 444-445, 161 N.E.2d 832; *Roberts v. Roberts*, 90 Ill.App.2d 184, 194, 234 N.E.2d 372.) It has long been settled that parties to a divorce suit may voluntarily adjust their property interests and that when such agreements are made a part of the decree they are binding on the parties. (*Garmisa v. Garmisa*, 4 Ill.App.3d 411, 422, 280 N.E.2d 444.) When a divorce decree embodies an agreement constituting a settlement of property rights and interests between the parties, its terms will not thereafter be modified under any circumstances. *Jamal v. Jamal*, 98 Ill.App.2d 180, 187, 240 N.E.2d 246."

In this case the agreement provided that the husband would not advance as a reason for modification of child support payments any future employment the wife may obtain. Thus the parties, represented by counsel, knowingly and voluntarily entered into an agreement as to what would not constitute a change in circumstance justifying a modification of the divorce decree. Based upon the following exchange between plaintiff and her attorney at the original hearing for divorce, it cannot be argued that defendant was not aware of his spouse's intention to seek gainful employment:

> "Q. Have you made arrangements for employment?
> A. No.

Q. Do you intend to work?

A. Yes."

To deprive plaintiff of the agreed child-support payments for an act that both parties contemplated when the original decree was entered would constitute a manifest injustice.

■■ For the reasons stated above, we reverse and remand with directions to vacate the order reducing the child support on the basis of plaintiff's employment and for further proceedings on the other factors not in issue on this appeal, in defendant's petition for reduction of child support.

Reversed and remanded with directions.

DRUCKER and SULLIVAN, JJ., concur.