DONELL POLLARD, Plaintiff-Appellee, *v.* HOLLIS F. POLLARD, JR., Defendant-Appellant.

Second District (2nd Division)    No. 75-229

Opinion filed September 1, 1976.

Thomas M. Newman, of Peregrine, Stime & Newman, of Wheaton, for appellant.

Daniel D. Mangiamele, of Chicago, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Du Page County, Illinois, dismissing the post-divorce petition of Hollis F. Pollard, Jr., the defendant, for modification of the provision for alimony contained in the decree for divorce obtained by Donell Pollard, his former wife, the plaintiff, in 1970.

The petition for modification, filed January 7, 1975, alleged that there were substantial changes in circumstances in that the plaintiff had completed additional education and become a candidate for a Ph.D. degree, she had acquired a job and was earning a substantial income, and she by that time was fully capable of providing for her own welfare and was no longer dependent on the defendant for support.

At the time of the hearing on the petition, on March 5, 1975, the plaintiff made an oral motion to dismiss on the basis of a provision contained in the property settlement agreement which had been incorporated into the divorce decree. The property settlement agreement stated that "it is agreed that the payment as heretofore provided of alimony in the amount of $550.00 per month will in no way be effected [*sic*] or amended because of an increase in income to either party."

The trial court decided that the language in the property settlement agreement was binding on the parties and prevented the court from modifying the divorce decree on the basis of an increase in the income of either of them. Accordingly the defendant's petition was denied.

The defendant points out that the final paragraph of section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) states: "The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper." He contends that the trial court, having been given the power by statute to make alterations in alimony provisions, cannot by incorporating a contractual provision of the parties divest itself of this power contrary to legislative will and public policy. He contends also that the trial court shall have given consideration to other changes in circumstances besides the income of the parties which might justify modification.

The final paragraph of section 18 of the Divorce Act and an agreement analogous to the one now before us received consideration recently in *Wohl v. Wohl* (1975), 28 Ill. App. 3d 298, 328 N.E.2d 138 (leave to appeal denied). In that case the divorce decree had incorporated a property settlement agreement in which the husband had agreed that he would not advance as a reason for modification of child-support payments any future employment the wife might obtain. The trial court refused to be bound by the agreement of the parties, considered the employment of the wife subsequent to the entry of the divorce decree, and granted the husband a reduction in child-support payments, and the wife appealed. The appellate court agreed with the wife's contention that the trial court's refusal to be bound by the parties' agreement with respect to the wife's employment constituted reversible error. The appellate court found that there was no public policy requiring it to invalidate the parties' agreement; reasoned that the agreement did not divest the court of its

power to modify the divorce decree but merely precluded the husband from advancing one factor as constituting a change in circumstances; said that to deprive the wife of the agreed payments by reason of a change in circumstances both parties had contemplated would be a manifest injustice; and held that the agreement of the parties prevented reducing child support on the basis of the wife's employment. It reversed the trial court's order and remanded the case for further proceedings on various other factors which had been advanced in the husband's petition for modification but were not in issue on the appeal.

Similarly in *Bergstrom v. Kuhn* (1974), 17 Ill. App. 3d 135, 307 N.E.2d 667 *(leave to appeal denied),* it was held that a wife's petition for an increase in child support was properly denied, despite an increase in the financial needs of the children and the husband's receipt of a substantial inheritance, where an agreement of the parties incorporated in the divorce decree provided that there would be no change in circumstances for purposes of modifying the decree unless the husband's income came to exceed $20,000 a year, and that had not occurred.

We believe the reasoning of the *Wohl* and *Bergstrom* cases on agreements pertaining to child support should apply in the case before us to the agreement of the parties pertaining to alimony. The agreement in this case should be considered not to divest the court of its power to modify its decree under section 18 of the Divorce Act, but just to preclude consideration of income in determining whether a change in circumstances had occurred. Such a limiting provision cannot be against public policy, because by agreeing on a waiver of alimony or a property settlement in lieu of alimony, under the third paragraph of section 18, the parties could have eliminated alimony completely and permanently from the court's consideration.

The defendant contends that the court should have considered factors other than income. Various other factors were listed in a footnote in the opinion in the *Wohl* case. (28 Ill. App. 3d 298, 299, 328 N.E.2d 138, 140.) However the defendant's petition alleges only changes in circumstances related to the plaintiff's income, or her ability to earn an adequate income or a greater income.

For the reasons stated, the order of the Circuit Court of Du Page County is affirmed.

Order affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.