MARY C. GORMAN, Plaintiff-Petitioner-Counterrespondent-Appellant, *v.* ROBERT GORMAN, Defendant-Respondent-Counterpetitioner-Appellee.

First District (2nd Division)   No. 77-1803

Opinion filed May 22, 1979.

James B. O'Brien, of Chicago, for appellant.

Kaufman & Litwin, of Chicago (Stuart N. Litwin and Joel S. Ostrow, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Mary C. Gorman, appeals an order of the circuit court of Cook County granting defendant Robert Gorman's post-decree petition seeking a reduction in the alimony award. The sole issue for review is whether the trial court abused its discretion in finding a material change of circumstances warranting the reduction of the alimony award from $500 per month to $300 per month.

On July 6, 1972, after 29 years of marriage and seven children, a judgment of divorce was rendered in plaintiff's favor. In the property settlement agreement incorporated in the decree, defendant agreed to pay plaintiff $500 per month as unallocated alimony and child support for the parties' three minor children, ages 18, 12, and 10, whose permanent custody was awarded to plaintiff. Defendant also agreed to pay the children's college expenses provided that he was financially able to do so at the time of their enrollment.

At the time of the decree, defendant was 55 years old, had been employed by Local Union 55 for 24 years, and was earning a net salary of $297.37 per week. The plaintiff was also employed and was grossing approximately $4,000 per year. Paragraph (h) of the property settlement agreement provided that plaintiff had the right to earn up to $5,000 per year without such earnings being a circumstance to warrant a petition for a reduction in the alimony and child support award. Paragraphs (k) and (l) provided that plaintiff would receive one-third of defendant's $45,000 severance pay and one-third of his $10,500 yearly retirement pension until the children reached their majority, at which time such payments would be reduced to one-fourth.

The decree further awarded plaintiff the marital home valued at $45,000 subject to a first mortgage and the general real estate taxes for 1971 and 1972, the personal property therein, and a 1970 Oldsmobile. Defendant was ordered to maintain hospital and major medical insurance for the minor children and to pay their extraordinary medical expenses. Plaintiff was made the trustee beneficiary of defendant's two life insurance policies for the benefit of the minor children until they reached majority. Upon their majority, plaintiff was to become the sole beneficiary of these policies and to remain as such until defendant's obligation for support terminated.

On July 23, 1975, plaintiff petitioned for an increase in alimony and child support predicated on an alleged increase in the cost of support and an alleged substantial increase in the defendant's income. The court granted this petition increasing plaintiff's alimony to $500 per month and child support to $125 per month for each of the remaining two minor children. The court further ordered the termination of child support

payments upon the emancipation of each of the children. At that time plaintiff was unemployed and defendant had a gross income of $37,000 per year.

On June 24, 1977, plaintiff filed a petition seeking enforcement of paragraph (r) of the decree in which the defendant agreed to pay the children's college expenses. Defendant's answer alleged that since he was eligible for retirement, he was financially unable to provide for their daughter Cathy's education. He further argued that since plaintiff was then employed, she should be required to contribute toward these expenses.

The instant appeal arises from defendant's petition filed the same day as his answer to plaintiff's petition, wherein he sought (1) a reduction in the alimony award, (2) the termination of Cathy's child support award, and (3) a modification of paragraphs (k) and (l) of the property settlement agreement. Defendant contended that his desire to retire and his inability to do so if required to pay alimony and child support at the present level or at the level provided in paragraphs (k) and (l), and plaintiff's current employment constituted changes of circumstances warranting a reduction in the alimony award. Plaintiff's answer denied the existence of such a change of circumstances insofar as her salary at the time of the petition had not exceeded the $5,000 limit set by paragraph (h) of the decree.

The testimony adduced at the August 19, 1977, hearing on defendant's petition established that defendant and his new wife had purchased a two-bedroom condominium in 1973 for approximately $32,500. Defendant testified that he had obtained a $40,000 loan from his father to make this purchase, thus avoiding mortgaging the property. Defendant further testified that a $20,000 savings account bearing his name as well as that of his sister and his father contained funds belonging solely to his 85-year-old father. Moreover, although defendant acknowledged the purchase of 1976 and 1977 Cadillacs without financing, he testified that they were purchased by his new wife with her separate funds. Defendant's 1976 income tax return filed jointly with his new wife shows that she received wages of $12,000 and trustee's fees of approximately $25,000 in that year.

At the time of the increase in the alimony and child support award in 1975, defendant was earning a gross salary of $37,000. Between 1972 and the 1977 hearing, defendant also received reimbursements from the union for business expenses totaling approximately $11,500, a $500 allowance, and the use of a car maintained by the union. Due to yearly increases of approximately $2,000, defendant was grossing approximately $800 per week or $41,000 per year at the time of the hearing. However, following deductions for Federal and State income taxes, Social Security, an

involuntary contribution to the union's retirement fund, and the purchase of a $75 bond each week, defendant's net salary at the time of the hearing was only $369.12 per week.

The record also establishes that defendant had had a heart condition for 20 years, an ulcer for 8 years, emphysema for 6 months, and was a borderline diabetic. Sixty years old at the time of the hearing, defendant testified that he could not retire if he were required to continue to pay the 1975 increased alimony award.

Plaintiff testified that she had been employed by the Cook County Department of Public Health since June 16, 1977, and that she was earning a gross salary of $604 per month, or a net salary of $269 every two weeks. Plaintiff expressed her satisfaction with her employment and her ability to perform the duties required of her. Plaintiff further testified that her home was no longer encumbered by a mortgage, that she and her brother maintained a joint savings account containing a $5,880 inheritance from her father who had died after her divorce, that she expected no more inheritance, and that she had not earned over $5,000 in any taxable year since the 1972 decree.

Cathy Gorman, the parties' daughter, testified that she would be 18 in two months, and that she was enrolled in Northern Illinois University for the 1977 fall semester. Cathy estimated that tuition per semester was $860 and that room and board was $730. A brochure from the university filed with the court indicated that tuition was $308.75 per semester and room and board for a single room in a high rise dormitory was $870 per semester. Cathy further estimated the cost of books to be $75 to $100 per semester, and miscellaneous expenses to be $289 totally. Although Cathy stated that she had not received an inheritance, defendant's attorney made an offer of proof that she had worked for 1½ years at a sandwich shop and had accumulated $1,000 in savings.

Following the evidentiary hearing, the trial court ordered defendant to pay the expenses of Cathy's first year of college estimated by the court to be $2,900, ordered the termination of Cathy's child support award on her 18th birthday, and reduced the alimony award to $300 per month. The trial judge left unaffected the 1975 $125 per month child support award for the parties' youngest child. Plaintiff appeals only that portion of the order reducing the alimony award from $500 per month to $300 per month.

## I.

At the time of the entry of the trial court's order on August 29, 1977, section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) provided in pertinent part that:

"The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and

maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper." Ill. Rev. Stat. 1975, ch. 40, par. 19.[1]

Although the modification or termination of alimony provisions in a divorce decree rests in the sound judicial discretion of the trial court (*Booth v. Booth* (1st Dist. 1972), 6 Ill. App. 3d 62, 64, 284 N.E.2d 506), such a modification or termination must not be made arbitrarily or capriciously (*Bowman v. Bowman* (1st Dist. 1973), 11 Ill. App. 3d 719, 721, 298 N.E.2d 339), but rather must be equitable (*Lane v. Lane* (1st Dist. 1975), 35 Ill. App. 3d 276, 279, 340 N.E.2d 705, *cert. denied* (1976), 429 U.S. 886, 50 L. Ed. 2d 167, 97 S. Ct. 238) and must be based upon a showing of a substantial change in the circumstances of the parties (*Tuey v. Tuey* (1st Dist. 1974), 20 Ill. App. 3d 445, 447, 314 N.E.2d 371).

■■ The factors to be considered as to each party are (1) their ages, social conditions, health, and whether there are any children dependent upon them for support (*Herrick v. Herrick* (1925), 319 Ill. 146, 153, 149 N.E. 820), (2) the duration of the marriage, since the longer the marriage the greater a woman's claim for support becomes (*Borowitz v. Borowitz* (1st Dist. 1974), 19 Ill. App. 3d 176, 181, 311 N.E.2d 292), and (3) their agreement as to the property settlement adopted in the divorce decree (*Bowman v. Bowman*, at 721-22).

Just as no single criterion is controlling in determining the propriety of an initial alimony award (*Stotlar v. Stotlar* (5th Dist. 1977), 50 Ill. App. 3d 790, 800, 365 N.E.2d 1097), no single criterion is controlling in determining the propriety of a reduction in the alimony award (see *Shive v. Shive* (5th Dist. 1978), 57 Ill. App. 3d 754, 760, 373 N.E.2d 557). Moreover, previous decisions can serve only as general guidelines since every set of circumstances is different and any given set of circumstances may change with time. *Barrow v. Barrow* (5th Dist. 1975), 33 Ill. App. 3d 654, 656, 342 N.E.2d 237.

## II.

At the outset we recognize that at the time of the hearing plaintiff had not earned over $5,000 per year and that the defendant had agreed in the property settlement agreement incorporated in the decree that he would not assert plaintiff's income of less than $5,000 as a change of circumstances on a petition for modification. The defendant and this court are bound by this provision of the agreement in the absence of public policy

---

[1] The Divorce Act (Ill. Rev. Stat. 1975, ch. 40, pars. 1 to 32) was repealed and replaced by the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*), effective October 1, 1977. Since this appeal was pending prior to the effective date of the new act, the law in effect at the time of the order sustaining the appeal governs (Ill. Rev. Stat. 1977, ch. 40, par. 801(d)).

to the contrary. (*Pollard v. Pollard* (2d Dist. 1976), 41 Ill. App. 3d 907, 908-09, 355 N.E.2d 41.) Plaintiff, in her brief, states that it must be assumed that the trial court projected her wages to be $7,200. Plaintiff testified that she was satisfied with and capable of performing the duties of her employment at that time. Based upon the record we do not think the trial court erred in projecting her salary on an annual basis of $7,200 and considering that figure in its resolution of this matter.

At the time of the decree, plaintiff agreed to the unallocated sum of $500 per month for the support of herself and her three minor children. When coupled with her employment income, plaintiff's monthly gross income was approximately $833 at that time. At the time of plaintiff's 1975 petition for an increase, the oldest of plaintiff's minor children had reached majority. However, due to plaintiff's unemployment in 1975, defendant was ordered to pay an additional $250 per month for the support of plaintiff and two minor children, resulting in a total monthly gross income of $750.

At the time of the hearing, plaintiff was again employed, earning a gross salary of $604 per month. Moreover, daughter Cathy was to reach majority within two months of the date of the hearing, leaving only one minor child dependent on the plaintiff. Had the trial court not reduced the alimony payments, plaintiff's total gross income, including alimony of $500 per month and child support of $125 per month, would have been approximately $1,230 per month. This amount would have constituted an increase of nearly 2½ times that which she agreed to under similar circumstances at the time of the decree. By virtue of the trial court's reduction of the alimony payments, plaintiff receives $425 per month from the defendant, an amount approximating that which she agreed to at the time of the divorce. Moreover, when coupled with her current income of $604 per month, plaintiff currently has approximately $196 more income per month than she did in 1972. Finally, plaintiff's home is no longer encumbered, and since the decree she has received an inheritance from her father.

On the other hand, without regard to the defendant's business accounts or the expectation of an inheritance from his father, defendant's net income has increased only $287 per month since the date of the decree. Although the trial court ordered the termination of Cathy's child support within two months of the hearing, it also ordered the defendant to pay approximately $2,900 for her first year of college. The net result is an increase of approximately $1,400 per year or an additional $120 per month over what he was formerly required to pay for Cathy's support. If required to continue to pay $500 per month alimony, $125 per month child support, and the expenses of Cathy's education, the defendant's salary

increase would have been more than eliminated, thus placing the defendant in a position less favorable than he was in 1972, while increasing the plaintiff's gross income nearly 2½ times that of 1972.

■■ Under these circumstances, we cannot say that the trial court abused its discretion in reducing the alimony payments from $500 per month to $300 per month. Accordingly, we affirm the order of the circuit court of Cook County.

Affirmed.

PERLIN and HARTMAN, JJ., concur.