*In re* MARRIAGE OF MARY JOSEPHINE PLOTZ, Plaintiff-Appellee and Cross-Appellant, and JOHN C. PLOTZ, Respondent-Appellant and Cross-Appellee.

Third District   No. 3—91—0600

Opinion filed May 26, 1992.—Rehearing denied July 2, 1992.

John C. Plotz, of Ottawa, appellant *pro se*.

James McPhedran, of Anthony Raccuglia & Associates, of Peru, for appellee.

JUSTICE HAASE delivered the opinion of the court:

John and Mary Jo Plotz were married for approximately 22 years when Mary Jo filed for dissolution of marriage. On May 23, 1988, the parties' marriage was dissolved and Mary Jo was awarded $400 per month in permanent maintenance. The court also ordered John to pay $500 per month in child support. On July 13, 1990, John filed a petition to terminate maintenance. In response, Mary Jo filed a counterpetition seeking an increase in child support and maintenance. The court granted a $10-per-month increase in child support and denied the parties' other motions. Both John and Mary Jo appeal.

John Plotz is a 55-year-old certified public accountant (CPA) in Ottawa, Illinois. Mary Jo Plotz is 53 years old and is a college graduate with a B.A. degree in Spanish. During the course of the parties' marriage, Mary Jo raised three children and worked on a part-time basis outside the home. John ran an accounting firm as a sole practitioner. When the parties' marriage was dissolved, only one of the couple's three children was still at home. The court awarded custody of the child to Mary Jo and ordered John to pay child support. The court also found that an award of permanent maintenance was appropriate and ordered John to pay $400 per month. The court did not set a review date for the maintenance.

Two years later, in 1990, John filed a motion to terminate maintenance. In response, Mary Jo filed a petition to increase child support and maintenance. The court conducted a consolidated hearing and found that although both parties' income had increased moderately since the dissolution, no substantial change in circumstances had occurred. The court noted that Mary Jo was making reasonable efforts to obtain employment and raise a child at the same time.

"I don't think there was a substantial change in circumstances evidenced by the record which warrants a termination at this point. I still think Mrs. Plotz, after considering the factors in 504, is still in need. She is making bona fide efforts. I don't think she is sitting on her back side doing nothing. She is trying to raise one of the minor children as custodial parent. Making reasonable efforts to become employed and raise the child."

Likewise, the court found that John's income had increased moderately since the dissolution, but that no substantial change in his financial condition had occurred. For this reason, the court declined to disturb the maintenance award. The court did, however, order John to pay $10 more per month in child support. The court found that because John's income had increased moderately since the dissolution, John was now paying an amount below the statutory minimum in child support. In order to bring the child support payments in line with the statutory requirements, the trial court increased the amount of the child support payments to $510 per month. In addition, the court, on motion of counsel, ordered John to pay Mary Jo's attorney fees.

The parties raise several contentions of error on appeal. First, John claims the trial court erred in not terminating maintenance. In the alternative, John asserts the trial court erred by not setting a date certain for review of the maintenance. Similarly, Mary Jo claims the trial court erred by refusing to increase maintenance. Next, John claims the trial court erred in ordering a $10-per-month increase in the amount of child support he is required to pay. Finally, John claims the trial court erred in ordering him to pay Mary Jo's attorney fees.

■ A maintenance and/or child support award will be modified "only upon a showing of a substantial change in circumstances" (Ill. Rev. Stat. 1989, ch. 40, par. 510(a)) and the burden of demonstrating the alleged substantial change in circumstances is on the party seeking such relief. (*In re Marriage of Lasota* (1984), 125 Ill. App. 3d 37, 465 N.E.2d 649.) The same factors considered under the statute by the circuit court in making an initial award of maintenance are used in determining whether and to what degree a maintenance award shall be modified. (*Lasota*, 125 Ill. App. 3d at 41.) Similarly, section 510(a) of the Illinois Marriage and Dissolution of Marriage Act provides that a modification of child support may be made on a showing of a substantial change in circumstances. Ill. Rev. Stat. 1989, ch. 40, par. 510(a).

The husband argues that the couple has been divorced for approximately two years and that the wife should be self-sufficient by now. The wife argues that the husband's income has increased since the dissolution and her maintenance payments should increase accordingly. Neither argument addresses the fact that a material or substantial change in circumstances is required in order to justify an adjustment in maintenance payments. Having failed to demonstrate a material or substantial change in their relative positions, the trial court did not abuse its discretion in refusing to modify the original maintenance award.

■■ ■ With regard to child support, the trial court appears to have applied a type of "sliding scale" approach to modification of child support. On this point the trial court erred. Every time a paying parent's income increases, it does not mean that child support payments increase in a like percentage. The petitioning party must show that there has been a material change in circumstances. (See *In re Marriage of Stone* (1989), 191 Ill. App. 3d 172.) In *Stone*, the court affirmed the modification of child support where the husband's income increased 32% over a three-year period. In the case at bar, no such increase has been shown nor has there been evidence of a material change in the child's needs. The trial court did commit error in increasing the amount of child support payments without evidence of a material and substantial change in circumstances and that ruling of the trial court is reversed. Next, the husband claims the trial court erred in not setting a date certain for review of maintenance. There is a basic problem with this contention of error. There is no evidence that the husband requested the trial court to set a review date. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141 (An issue not presented to or considered by the trial court cannot be raised for the first time on review).) Furthermore, this being an award of permanent maintenance, it was not necessary under the statute for the court to set a review date. Review of a permanent maintenance award is permissible under the statute based on a petition alleging a substantial change in circumstances of the parties.

■■ Finally, the husband claims the trial court erred in ordering him to pay the wife's attorney fees. It is well settled that decisions regarding the propriety of allowing attorney fees and the appropriate amount thereof are matters within the sound discretion of the trial court and will not be disturbed on review absent a clear showing that such discretion was abused. (*In re Marriage of Skahn* (1986), 149 Ill. App. 3d 764, 775.) This means that a court of review

will not substitute its judgment for that of the trial court. Instead, it is the function of this court to determine whether the trial court acted arbitrarily, without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted. *In re Marriage of Aud* (1986), 142 Ill. App. 3d 320, 326, 491 N.E.2d 894, 898.

In the case at bar, the husband has failed to show that the trial court "clearly" abused its discretion. In ordering the payment, the husband seems particularly disturbed because he claims the trial court ignored accepted accounting practices in determining his income. For example, the court considered as income the $8,000 per year the husband pays into a voluntary retirement fund through his CPA firm. The trial court looked to the reality of the parties' relative financial condition. It was not bound to follow certain accounting practices. The court must use its judgment to decide the issues based on the real economic situation of the parties and not on accounting principles or practices that might be relevant in a tax or business situation. Although we may have ordered the wife to pay at least a percentage of her attorney fees, the question before this court is not how we might have determined the issue. Instead, our sole inquiry is whether the husband has presented sufficient proof that the trial court acted arbitrarily, exceeded the bounds of reason or ignored recognized principles of law. The husband has failed to make such a showing.

For the aforesaid reasons, the judgment of the circuit court of La Salle County concerning child support is reversed. In all other issues raised by the parties, the judgment of the circuit court of La Salle County is hereby affirmed.

Affirmed in part; reversed in part.

GORMAN and STOUDER, JJ., concur.