*In re* THE MARRIAGE OF VIRGIL KEITH CLARK, Petitioner-Appellant, and SANDRA K. CLARK, Respondent-Appellee.

Third District   No. 82—411

Opinion filed January 11, 1983.

William J. O'Connor, of Chicago, for appellant.

Gary L. Brown, of Butz, Mortell, Jaffe, Smith, O'Connor & Brown, of Kankakee, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The petitioner, Virgil Keith Clark, appeals from an order denying his petition for termination of maintenance payments to the respond-

ent, Sandra K. Clark. The petitioner's request for termination of payments is based on alleged cohabitation by the respondent on a resident, continuing conjugal basis. We affirm the decision of the lower court.

■ Section 510(b) of the Illinois Marriage and Dissolution of Marriage Act (hereafter the Act) (Ill. Rev. Stat. 1981, ch. 40, par. 510(b)) provides that, unless otherwise agreed by the parties, the obligation to pay future maintenance is terminated if "the party receiving maintenance, cohabits with another person on a resident, continuing conjugal basis." The evidence in the instant case clearly established a resident, conjugal relationship. However, in interpreting the Act the courts of this State have held that a *de facto* husband-wife relationship must be shown in order to demonstrate cohabitation. *In re Support of Halford* (1979), 70 Ill. App. 3d 609, 388 N.E.2d 1131; *In re Marriage of Bramson* (1980), 83 Ill. App. 3d 657, 404 N.E.2d 469.

■ In the case at bar, the evidence proved that Mrs. Clark's paramour, Larry Cox, bought groceries for Mrs. Clark and her children and bought some clothing for Mrs. Clark. Cox took his meals with Mrs. Clark and her children and worked with Mrs. Clark to clean and maintain their residence. Mrs. Clark did his laundry and cooked his meals. Cox moved into Mrs. Clark's residence in October and left in January. After moving out, he phoned Mrs. Clark weekly. During the Christmas holidays, the gifts to Mrs. Clark's children were signed "Larry and Mom." Mrs. Clark spent the holidays at Cox's parents' home.

The trial court found that this was insufficient to satisfy the requirements of the Act. The modification of maintenance payments is within the court's discretion, and its order will not be reversed on appeal absent an abuse of that discretion. *Miller v. Miller* (1978), 65 Ill. App. 3d 844, 382 N.E.2d 823.

We find no abuse of discretion by the trial court. The evidence is insufficient to establish cohabitation on a continuing basis.

■ The petitioner asserts on appeal that denial of his petition to terminate maintenance violates public policy by encouraging cohabitation without marriage. However, the legislative intent behind the Act does not appear to be an attempt to control public morals. The concern is not the morality of conduct but the recipient's need for support. *In re Marriage of Bramson* (1980), 83 Ill. App. 3d 657, 404 N.E.2d 1131.

The trial court relied on the *Bramson* case in reaching its decision. We, too, rely on *Bramson* in stating that by our opinion we do not approve or condone Mrs. Clark's living arrangement; rather, we

conclude only that her conduct does not fall within the provisions of section 510(b) of the Act.

The decision of the circuit court is supported by the evidence and is therefore affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.