UNITED STATES of America ex rel. Shajdon BISHOP, a/k/a Earl Wilson, Plaintiff,

v.

James A. CHRANS, Warden and Attorney General of Illinois, Defendants.

No. 83 C 9197.

United States District Court, N.D. Illinois, E.D.

Sept. 27, 1984.

Shajdon Bishop, a/k/a Earl Wilson, pro se.

James E. Fitzgerald, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

Petitioner, Shajdon Bishop, a/k/a Earl Wilson ("Wilson") has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Wilson is currently serving two concurrent terms of twenty-two years for rape and deviate sexual assault at the Pontiac Correctional Institution. On appeal, the Illinois Appellate Court affirmed the convictions, *People v. Wilson*, 87 Ill.App.3d 693, 42 Ill.Dec. 729, 409 N.E.2d 344 (1st Dist. 1980), and the Illinois Supreme Court denied leave to appeal.

Wilson challenges his convictions on the following grounds:

    1. The identification procedure used by the police was unduly suggestive.

    2. He was denied his constitutional right to counsel during that identification procedure.

    3. He was denied his right to a preliminary hearing.

    4. His trial counsel was ineffective.

5. His appellate counsel was ineffective.

6. The State's proof was insufficient to convict him beyond a reasonable doubt.

Presently before the Court is a motion to dismiss by respondents, James A. Chrans, et al. For reasons set forth below, the motion to dismiss is granted.

## Review of the Record

After a jury trial, Earl Wilson was convicted of rape and deviate sexual assault, acquitted of armed robbery, and given concurrent sentences of twenty-two years for each conviction. Wilson appealed his conviction to the Illinois Appellate Court, raising four issues: (1) he did not receive a fair trial because of the State's presentation of a prejudicial "theme of flight and escape" throughout the trial; (2) the denial of a preliminary hearing deprived him of equal protection of the laws; (3) certain hearsay evidence was improperly admitted; and (4) he was prejudiced by comments made in the State's closing argument. *People v. Wilson*, 87 Ill.App.3d 693, 695, 42 Ill.Dec. 729, 731, 409 N.E.2d 344, 346 (1st Dist. 1980). The appellate court affirmed the convictions. A *pro se* petition for rehearing was denied.

Wilson next filed a *pro se* petition for post-conviction relief pursuant to Ill.Rev. Stat., ch. 38, ¶ 122 *et seq.*, 1983, in which he alleged that the identification procedure employed by the police was unduly suggestive, in that one of the police officers pointed his finger at Wilson and asked the victim if Wilson was her assailant. Additionally, Wilson alleged that he was denied his constitutional right to counsel during that identification procedure. A public defender was then appointed, and he filed a supplemental petition raising Wilson's first two claims and also a claim of ineffective assistance of trial counsel. The State moved to dismiss both petitions because the issues raised in the post-conviction relief petition were taken from the trial record and therefore res judicata. The trial court granted the State's motion. On appeal, Wilson again acting *pro se* offered the same issues submitted in the previous petitions, and also raised the issue that the victim failed to give the arresting officers a detailed description of her assailant prior to Wilson's arrest. The appellate court held that the issues presented by Wilson in his petitions for post-conviction relief should have been presented in his direct appeal and were therefore waived. Further, the court held that the trial court properly imposed the doctrine of res judicata as to all issues previously presented to the trial and appellate courts. *People v. Wilson*, 109 Ill. App.3d 1213, 71 Ill.Dec. 887, 451 N.E.2d 1041 (1st Dist.1982).

After careful review of the record in this case, we hold that since Wilson has failed to follow Illinois' procedural rules, he has waived the issues presented by the instant petition. Respondents are therefore entitled to prevail as a matter of law.

## General Principles of Habeas Corpus

Although the writ of habeas corpus has been, and continues to be, the "symbol and guardian of individual liberty," *Peyton v. Rowe*, 391 U.S. 54, 59, 88 S.Ct. 1549, 1552, 20 L.Ed.2d 426 (1968), its application has long been governed by two doctrines: (1) the principle of waiver, which directs a federal judge to deny habeas corpus relief if the ground upon which that relief is sought has not been raised at the appropriate time by the petitioner; and (2) the principle of exhaustion, which requires dismissal of the habeas petition if the state remedies available to the petitioner have not been pursued to the fullest extent. *United States ex rel. Broadnax v. DeRobertis*, 565 F.Supp. 327, 330 (N.D.Ill.1983). We consider each doctrine in turn.

## Exhaustion

■ The language of the federal habeas corpus statute, 28 U.S.C. §§ 2254(b) and (c)[1] makes it clear that federal habeas cor-

---

**1.** Title 28 U.S.C. § 2254 provides in pertinent part:

pus relief is not available until a state prisoner has attempted to cure his alleged constitutional injury by pursuing all possible state remedies. Comity requires the federal courts to defer to the state court system and allow it the first opportunity to correct its alleged constitutional violations. If some avenue of state relief is still open to a habeas petitioner, the federal court must dismiss the petition and allow the petitioner to pursue his claims at the state level. Only when all state remedies have been exhausted should the federal court step in and render federal habeas corpus relief. *See Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971).

██ Wilson raises six claims in his habeas petition and we must decide if these claims have been exhausted. At trial he raised none of the alleged constitutional injuries of which he now complains. One claim was brought on direct appeal (denial of a preliminary hearing deprived Wilson of equal protection of the law). Under Illinois law, an issue not presented to or considered by the trial court cannot be raised on review and is waived, *People v. Wilson*, 87 Ill.App.3d at 703, 42 Ill.Dec. at 733, 409 N.E.2d at 348. Thus, a state court will not hear such a claim in a subsequent proceeding. Wilson has, therefore, "exhausted" his preliminary hearing claim.

██ Wilson alleged three claims in the post-conviction petition (the identification procedure was unduly suggestive; he was denied counsel during the identification; he had ineffective assistance of trial counsel). Under state law, the failure to present claims on direct appeal prevents the petitioner from raising them in any post-conviction proceeding, Ill.Rev.Stat., ch. 110A, ¶ 341(e)(7), 1983; *People v. Smith*, 91 Ill. App.3d 438, 453, 47 Ill.Dec. 165, 179, 414

N.E.2d 1281, 1295 (2d Dist.1980); *People v. Fink*, 91 Ill.2d 237, 62 Ill.Dec. 935, 437 N.E.2d 623 (1982); *People v. Adams*, 113 Ill.App.2d 276, 252 N.E.2d 65 (1st Dist. 1969). As a result, we could not require that Wilson raise the above claims in a post-conviction proceeding before concluding, as we do now, that he has exhausted the state remedies as to the identification, right to counsel and ineffective assistance of counsel claims.

██ Wilson's final two claims (he was not convicted beyond a reasonable doubt; he had ineffective assistance of appellate counsel) have not been raised in any Illinois court previously. Since the reasonable doubt claim was neither raised at trial nor on appeal, it has been waived. This claim would not now be heard in a state court and is therefore exhausted. Wilson's ineffective assistance of appellate counsel was only first cognizable in the post-conviction proceedings, *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25 (1971), however, issues that could have been raised in an initial post-conviction petition are waived for purposes of the Illinois post-conviction remedy. See Ill.Rev.Stat., ch. 38, ¶ 122–3 (1983). We will not therefore require Wilson to return to the state courts to litigate an issue raised for the first time on habeas review that could have been raised in a prior post-conviction petition. Further recourse to the state courts would be futile, thus the requirement that Wilson exhaust all available state remedies is met as none are now available. 28 U.S.C.A. § 2254(b).

### Waiver

The remaining question is whether by failing to previously present the above-mentioned issues, Wilson has waived his claims for purposes of federal habeas corpus relief. In analyzing the waiver doc-

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

trine, this circuit has applied the "cause and prejudice" standard[2] of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to virtually *all* types of procedural defaults. In *Wainwright,* the habeas petitioner failed to comply with a Florida "contemporaneous objection" rule which required a defendant to move to suppress evidence prior to trial or else waive the objection for purposes of a state appeal. The Court held that the habeas petitioner must demonstrate[3] "cause" for his failure to object and actual "prejudice" from the claimed violation of his constitutional rights. The preference for the cause and prejudice standard in cases involving procedural defaults during trial was later reinforced by the Supreme Court in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) and *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). The Court applied this standard to both cases, where the petitioners challenged in habeas corpus proceedings jury instructions to which they had not objected at trial.

▆▆▆▆ Since Wilson has shown neither cause[4] for his initial default, failing to raise certain issues at trial and thereby waiving them for purposes of his state appeal, nor actual prejudice resulting therefrom, Wilson has waived the following issues for federal habeas purposes: that the identification procedure employed by the police was unduly suggestive; that he was denied his constitutional right to counsel

during that identification procedure; and that he was denied his right to a preliminary hearing.

The next two claims raised by Wilson were not properly brought up by him on direct appeal. The Supreme Court has never made it clear whether the cause and prejudice standard applies to "failure to appeal" cases as well as those involving failure to contemporaneously object. In *Wainwright,* the Court did not explicitly overturn its previous decision in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In *Fay,* the defendant was convicted of murder on the basis of a confession. He chose not to appeal his conviction for fear of receiving the death penalty but later sought federal relief by way of a habeas corpus petition. The *Fay* Court held that the federal judge may deny relief to an applicant who has deliberately bypassed the state courts thus forfeiting his state remedies. *Id.* at 438, 83 S.Ct. at 848. Although the Court in *Fay* phrased its holding in terms of all procedural defaults, the *Wainwright* decision narrowed the "deliberate bypass" rule by refusing to apply it in a case that did not involve a failure to appeal. The *Wainwright* Court left open the question of the viability of the cause and prejudice standard for failures to appeal:

> [w]hether the *Francis* (*see* note 2, *supra* ) rule should preclude federal habeas review of claims not made in accordance

**2.** The cause and prejudice test was originally enunciated in the earlier cases, *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973) and *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

**3.** The *Wainwright* cause and prejudice standard shifts the burden of proof to the petitioner, and he must make a showing that the failure to raise an issue or to appeal is excused by good "cause".

**4.** It appears from Wilson's petition that the only argument he would advance to show cause for his failure to raise any of these issues at trial would be ineffective assistance of his trial counsel. Although the Supreme Court has left open the question of what constitutes "cause" in the waiver context, *Wainwright v. Sykes, supra,* 433 U.S. at 87, 90–91, 97 S.Ct. at 2506–07, 2508–09,

this circuit has implied that ineffective representation might amount to cause for a petitioner's inability to apprise the state courts of his claim. *Gray v. Greer,* 707 F.2d 965, 968 n. 4, 969 n. 5 (7th Cir.1983).

When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. Wilson has not specifically alleged any errors on the part of his trial attorney. Further, after reading all of the pleadings and the trial transcript, it is apparent that Wilson's trial counsel's conduct was reasonable considering all the circumstances.

with state procedure where the criminal defendant has surrendered, other than for reasons of tactical advantage, the right to have all of his claims of trial error considered by a state appellate court, we leave for another day.

433 U.S. at 88 n. 12, 97 S.Ct. at 2507 n. 12.

■ Despite the language of the Supreme Court, this circuit has clearly applied the cause and prejudice test to failures to appeal. The Seventh Circuit in *Norris v. United States*, 687 F.2d 899 (7th Cir.1982) applied the *Wainwright* standard to failures to appeal by federal prisoners and extended *Norris* to failures to appeal by federal prisoners in *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir. 1983). Thus, since the petitioner has not shown cause[5] excusing his failure to bring up issues on appeal and actual prejudice from the errors he alleges took place at trial, he has waived the following issues: ineffectiveness of his trial counsel and that the State's proof was insufficient to convict him beyond a reasonable doubt.

■ The last claim advanced by the petitioner, that his appellate counsel was ineffective, was not asserted in his post-conviction petition. The court in *Williams v. Duckworth*, 724 F.2d 1439, 1442 (7th Cir. 1984) had occasion to consider whether the cause and prejudice standard would apply in a case where a state prisoner failed to pursue an issue in a post-conviction proceeding that could not have been raised on direct appeal. The court held that this standard did apply, and that therefore petitioner had waived his right to a federal forum for his claim of ineffective assistance of appellate counsel. Similarly, in the present case, petitioner offers no cause for his failure to raise the claim of ineffective appellate counsel in his post-conviction peti-

tion. Petitioner has therefore waived this contention.

We therefore conclude that petitioner Wilson has waived all of the claims set forth in his habeas petition and has not established any cause for his failure to raise the claims at the appropriate time. Further, although it seems unlikely that the petitioner could make a showing of actual prejudice resulting from these omissions, this Court need not consider "prejudice" since petitioner has not satisfied the "cause" requirement of the *Wainwright* standard. *United States ex rel. Hudson v. Brierton*, 699 F.2d 917, 922 (7th Cir.1983).

### Conclusion

For the foregoing reasons, Wilson's petition for habeas corpus relief is denied, and respondents' motion to dismiss is granted. It is so ordered.

---

**5.** Wilson's sole excuse for failing to raise these issues on appeal would be ineffective assistance of appellate counsel. This contention, however, was not raised in Wilson's post-conviction petitions. Rather, the claim of ineffective appellate counsel is first brought up in this habeas petition. Wilson's petition is filled with conclusory allegations regarding his appellate attorney's decision not to brief a particular issue (suggestive

identification) on appeal. It appears that in the attorney's opinion, the issue was frivolous. In light of all the circumstances, it is appropriate to conclude that Wilson's counsel was not ineffective, and the attorney's professional judgment was reasonable and within the standards set forth by the Supreme Court in *Strickland v. Washington, see* note 4 *supra.*