8343H

UNITED STATES of America ex rel. Gregory LINDSEY, Plaintiff,

v.

Althea CAMP, and Attorney General of the State of Illinois, Defendants.

No. 86 C 1283.

United States District Court, N.D. Illinois, E.D.

Sept. 22, 1986.

Walter S. Clifton, Urbana, Ill., for plaintiff.

Scott Graham, Office of the Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Gregory Lindsey is currently serving a twenty year prison term following his conviction in the Illinois courts for armed violence. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1982),[1] claiming that his conviction was in violation of the constitutional protection from double jeopardy, U.S. Const. amend. V, XIV, and that he received constitutionally ineffective assistance of counsel both at trial and on appeal in state court. U.S. Const. amend. VI, XIV. Respondents, representatives of the State of Illinois, have answered Lindsey's petition and both sides have filed motions for summary judgment. For the reasons stated below, the Court grants the respondents' motion for summary judgment and denies Lindsey's motion for the same.

Lindsey's petition raises an interesting claim regarding the federal double jeopardy implications of the Illinois statutory enhancement of the crime of battery with the use of a firearm into the two distinct crimes of aggravated battery and armed violence. However, because the Court finds that in the course of his trek through the state court system, Lindsey has waived any claim he might have, we do not reach the merits of the double jeopardy claim.

## FACTUAL BACKGROUND [2]

Lindsey was convicted in state court for firing one gun shot at Fredrick Wiley causing the victim serious injury. A criminal information was returned on six separate counts, one for attempted murder, Ill.Rev. Stat. ch. 38, § 8–4 (1985),[3] four separate

---

1. That provision states in part:
   (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
   (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

2. The following facts are taken from the state court record and are undisputed.

3. That provision states in part:
   A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.

counts for aggravated battery (listing four distinct aggravating factors), Ill.Rev.Stat. ch. 38, §§ 12–4(a), 12–4(b)(1) (1985),[4] and one count for armed violence, Ill.Rev.Stat. ch. 38, §§ 12–4(a), 33A–2 (1985).[5] Following a bench trial, the state trial judge found Lindsey guilty on all six counts, but entered judgment only on the attempted murder and armed violence counts since the aggravated battery charges were lesser-included offenses of the attempted murder charge. Lindsey was apparently sentenced only on the armed violence conviction. Tr. at 140.

Following his conviction, Lindsey proceeded to the Illinois Appellate Court, which affirmed his conviction and where he argued only three issues. Two arguments dealt with the state's burden of proof and the length of the imposed sentence. The final argument was that his conviction for both attempted murder and armed violence violated the one-act, one-crime principle and that the armed violence conviction should therefore be vacated as the less serious of the two. The one-act, one-crime principle, as developed in Illinois courts, is a nonconstitutional rule which prevents more than one criminal conviction for one physical act. *See, e.g., People v. King*, 66 Ill.2d 551, 556, 6 Ill.Dec. 891, 897, 363 N.E.2d 838, 844, *cert. denied*, 434 U.S. 894, 98 S.Ct. 273, 54 L.Ed.2d 181 (1977). In an unpublished order the Appellate Court affirmed Lindsey's conviction but in a one paragraph order the Illinois Supreme Court vacated Lindsey's *attempted murder* conviction based on the one-act, one-crime principle. *People v. Lindsey*, 92 Ill.2d 577, 67 Ill.Dec. 686, 444 N.E.2d 1369 (1983). All other aspects of the Appellate Court's decision were affirmed.

After some time had passed, Lindsey filed a petition for post-conviction relief under Ill.Rev.Stat. ch. 38, ¶ 122 (1985). A copy of this petition was not included in the record here, however, Lindsey alleges in his petition that it was here that he first raised his federal constitutional claims of double jeopardy regarding his conviction for armed violence based on his conviction for aggravated battery. It is not clear whether he also raised a claim in the state post-conviction petition that the assistance of his *trial* counsel was ineffective in violation of the Sixth Amendment, but it is certain that he never argued that his *appellate* counsel was ineffective until he filed his federal habeas petition. The state trial court rejected Lindsey's petition for post-conviction relief, presumably on the ground that on direct appeal he had not raised the arguments on which he based the petition and had, therefore, waived them for the purposes of post-conviction relief. *See People v. Stewart*, 66 Ill.App.3d 342, 351, 23 Ill.Dec. 152, 159, 383 N.E.2d 1179, 1186 (1st Dist.1978), *cert. denied*, 441 U.S. 907, 99 S.Ct. 1998, 60 L.Ed.2d 376 (1979). Lindsey chose not to appeal that determination, filing the present petition instead.

## EXHAUSTION OF STATE REMEDIES

The first issue this Court must address is whether, in traveling down the often rocky path of federal habeas corpus procedure, Lindsey has pursued all his available state remedies. In pursuing a claim under the federal habeas corpus statute, and interpretations thereof, a petitioner must exhaust all available state procedures which might provide relief for his federal constitutional claim. 28 U.S.C. § 2254(b)–(c) (1982); *Wickstrom v. Schardt*, 798 F.2d 268, 269–70 op. at 3 (7th Cir.1986). The doctrine of exhaustion of state remedies is dictated by concerns of federalism and comity, and usually results only in a district court's temporary dismissal of the petitioner's

---

**4.** Those provisions state:

    (a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery.

    (b) A person who, in committing a battery, commits aggravated battery if he either:

    (1) Uses a deadly weapon ...

**5.** Section 33A–2 states:

    A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law.

claim until an available state forum has first had an opportunity to review them. *United States ex rel. Bishop v. Chrans,* 595 F.Supp. 604, 607 (N.D.Ill.1984). Because we find that all available state remedies were exhausted at the time this petition was filed, we decline to dismiss the petition for failure to exhaust.

■ The double jeopardy claim has been exhausted because Lindsey failed to pursue all available remedies during his journey through the state court system, and the time for doing so has now passed. The Supreme Court has instructed that in evaluating exhaustion of state remedies, federal courts must look to those remedies still available at the time the federal petition was filed. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). The double jeopardy claim was raised for the first time in Lindsey's state post-conviction petition. If the time for appealing the denial of that petition were still open, this Court would have to dismiss Lindsey's petition for failure to exhaust. However, the state court dismissed Lindsey's post-conviction relief petition on January 31, 1986, after which Lindsey had thirty days to appeal. Ill.Rev.Stat. ch. 110A, Supreme Court Rule 651 (1985). He chose not to appeal and filed a federal habeas petition with this Court on February 24, 1986, long after the appeal time from the state post-conviction relief decision had run. Thus, with respect to the double jeopardy claim, Lindsey had exhausted all possible state relief at the time he filed the petition in this Court.

■ With respect to the ineffective assistance of trial counsel claim, all state remedies have been exhausted as well. This contention could have been raised on direct appeal, but it was not, even though Lindsey had new counsel at that time. As stated earlier, it is not clear whether Lindsey raised his trial counsel's effectiveness in the state post-conviction petition. If Lindsey did *not* raise the ineffective assistance of his trial counsel in the state post-conviction petition, he would have twice failed to raise the issue when given the

opportunity. Thus, he would have waived any remedy under state law for such a claim and, by default, have exhausted his available state remedies. Even if he did address this question in his state petition, the claim would most likely have been deemed waived under state law for failure to raise it on direct appeal. *See Stewart,* 66 Ill.App.3d at 351, 23 Ill.Dec. at 159, 383 N.E.2d at 1186. And again, since the appeal time from the denial of state post-conviction relief has run, no further state remedy is available on this claim.

■ Finally, with respect to the ineffective assistance of appellate counsel, Lindsey failed to raise the argument in state court during any proceeding. Under the post-conviction relief statute, any constitutional claim not raised in the first post-conviction petition is waived for the purposes of supplementary post-conviction petitions. *See* Ill.Rev.Stat. ch. 38, ¶ 122–3 (1985). Accordingly, no state remedy is left through which Lindsey might pursue his ineffective appellate counsel argument and he has therefore exhausted that claim.

## WAIVER

■ The remaining question is whether by failing to previously present the above-mentioned issues at various stages of the state court proceedings, Lindsey has waived his claims for purposes of federal habeas corpus relief as well. Where a petitioner has, by his or her own inaction, failed to raise certain issues in state court at the appropriate time in order to preserve state judicial review of those issues, the claims are deemed to have been waived for the purposes of federal habeas relief unless the petitioner can demonstrate a "cause" for not raising the arguments earlier and "prejudice" resulting from the procedural default. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *United States ex rel. Tonaldi v. Elrod,* 782 F.2d 665, 668 (7th Cir.1986). The Seventh Circuit has applied this standard to virtually all types of procedural defaults, *Bishop,* 595 F.Supp. at 608, including failure to raise an issue on direct

appeal, *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354, 361 (7th Cir.1983), failure to raise an issue in a state post-conviction proceeding, *Williams v. Duckworth,* 724 F.2d 1439, 1442 (7th Cir.), *cert. denied,* 469 U.S. 841, 105 S.Ct. 143, 83 L.Ed.2d 82 (1984), and failure to appeal the dismissal of a state post-conviction petition, *Zellers v. Duckworth,* 763 F.2d 250, 252 (7th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 319, 88 L.Ed.2d 302 (1985). As discussed below, we find that Lindsey has waived all of the federal constitutional claims raised in this Court.

■ First, Lindsey had multiple opportunities to present his double jeopardy claim in state court. Since the double jeopardy argument, discussed *supra* at 1–2, was premised purely on the criminal information and the language of the relevant statutes, Lindsey had an appropriate record from which to assert this claim both at trial and on appeal. Indeed, Lindsey's appellate counsel made a conceptually similar argument in raising the one-act, one-crime principle on direct appeal. Thus, Lindsey had already waived his double jeopardy claim twice at this point. *Spurlark,* 699 F.2d at 361. Lindsey waited until filing his state post-conviction petition to pursue the double jeopardy argument, which failed, presumably on the ground of waiver under state law. Rather than appealing the dismissal of that petition and attempting to demonstrate a valid reason for an exception to the state waiver rule, Lindsey filed a federal petition for relief. Arguably, the ineffective assistance of counsel claims for both trial counsel and appellate counsel would establish the necessary cause for not raising the arguments at trial or on direct appeal. However, Lindsey offers no excuse for failing to appeal the denial of his post-conviction relief petition on these grounds (i.e., the ineffective assistance of his previous attorneys) and, therefore, he has waived them. *See Zellers,* 763 F.2d at 252.[6] Furthermore, he does not argue here that his counsel in pursuit of state post-conviction relief was incompetent. Indeed, it is the same attorney who represents him before this Court. Accordingly, Lindsey has not established a sufficient "cause" for not pursuing his double jeopardy claims in state court, and we deem them a waiver for the purposes of federal habeas review.[7]

■ Lindsey's ineffective assistance of trial counsel claims were initially waived by his failure to make that argument on direct appeal. *Spurlark,* 699 F.2d at 361. He had engaged different counsel for his appeal, and thus cannot be considered to have had good cause to waive the argument there. As stated above, Lindsey may have raised the trial counsel's performance as an argument in his state post-conviction petition. If he did not, his claim would be waived. *Williams,* 724 F.d at 1442. If he did, his failure to appeal the denial of that petition can also be deemed a waiver since he could have cited the ineffectiveness of his appellate counsel as cause for not directly appealing his trial counsel's competence. In fact, ineffective assistance of appellate counsel is the only argument Lindsey could have made at any stage of

---

6. Lindsey's reliance on *United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir. 1974), is misplaced. First, *Brantley* is a case regarding exhaustion of state remedies, not waiver. Second, *Brantley* stands for the proposition that a federal habeas petitioner need not pursue state post-conviction remedies as to issues actually raised and rejected by a state court on direct appeal from a conviction because to do so would be futile under the principles of *res judicata.* Here, Lindsey neglected to raise his double jeopardy claim until he filed a state post-conviction petition. Moreover, pursuit of an appeal from this denial of that petition would not have been futile if Lindsey had argued his ineffective assistance of appellate coun-

sel as an excuse for not arguing double jeopardy on direct appeal.

7. Even if we were to find that Lindsey established good cause for not pursuing his double jeopardy claims in state court, the record does not appear to support a finding of prejudice. Lindsey's argument relies heavily on his trial and appellate counsel's failure to cite *People v. Haron,* 85 Ill.2d 261, 52 Ill.Dec. 625, 422 N.E.2d 627 (1981), which Lindsey maintains would have been dispositive of his double jeopardy argument. In fact, *Haron* was decided on nonconstitutional grounds and was duly considered by the appellate court notwithstanding the failure of Lindsey's counsel to cite it.

the state court proceedings to excuse his failure to argue the incompetence of his trial counsel, and Lindsey did not ever present the ineffective assistance of appellate counsel in state court. Accordingly, he has not demonstrated cause for his failure to argue incompetent trial counsel in state court and has thus waived that claim here.

Finally, and perhaps most fundamentally, Lindsey never argued that his appellate counsel in state court was constitutionally ineffective. He does not here offer an explanation for his failure to assert this claim at an earlier stage. Nor does he argue that his counsel in the state post-conviction proceedings was incompetent, a rather attenuated claim by this point. In this respect, Lindsey has forfeited any chance he might have of obtaining federal habeas relief.

## CONCLUSION

Based on our discussion above and the ensuing conclusion that Lindsey has waived all of his federal constitutional claims by his multi-level procedural defaults in state court without showing cause and prejudice for these failures, this Court allows the respondents' motion for summary judgment dismissing Lindsey's petition and denies Lindsey's motion for summary judgment. It is so ordered.